[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
FACTS
The plaintiffs, Diane M. Thomas and Woodruff R. Thomas, commenced the present action against the defendants Ward J. Mazzucco and Mazzucco McGonizle, P.C., by service of a writ of summon and complaint on February 23, 1994. The complaint is in two counts. The first count sounds in legal malpractice and the second count alleges breach of contract.
In the first count, the plaintiffs allege that they "consulted with and retained the defendant, Ward J. Mazzucco to represent their interests concerning the purchase of property . . . ." (Plaintiffs' Complaint First Count ¶ 1). The first count further CT Page 3177 alleges that "[t]he defendant, Ward J. Mazzucco, was negligent in the representation of the plaintiffs and failed to perform reasonable duties and obligations and responsibilities in that: (a) he failed to properly search title in order to ascertain whether [the seller] was the owner of the property which it represented to transfer to the plaintiffs; (b) failed to ascertain whether the [seller] [if] not the present owners of the property, had reasonable expectation of acquiring said property in order to transfer it to the plaintiffs; (c) failed to properly escrow the . . . fee pending satisfactory assurance that [the seller] was ready, willing and able to be able to transfer the property to the plaintiffs." (Plaintiffs' Complaint First Count ¶ 6). The dates of the alleged negligent conduct of the defendants is purported to have occurred at sometime between March 1, 1988 and September of 1989.[1] The last contact the defendants allegedly had with the plaintiffs was on or about March 8, 1991, when the defendant, Ward J. Mazzucco, allegedly sent a bill to the plaintiffs. (Plaintiffs Complaint First Count ¶ 5).
The second count of the complaint realleges the first six paragraphs of the first count, the relevant portions of which are set forth above, and further states that "[t]he aforesaid negligence and failure of the part of the defendant constitutes a breach of his contract with the plaintiffs and his duties and obligations to the plaintiffs thereunder, all to the pecuniary loss and damages to the plaintiff." (Plaintiffs' Complaint Second Count ¶ 6).
On April 20, 1994, the defendants filed an answer and special defenses. The first special defense alleges that "[t]he plaintiffs claims in both the first and second count are barred by the applicable statutes of limitations." The remainder of the special defenses are not pertinent to present motion for summary judgment as only the statutes of limitations is at issue.
Pursuant to Practice Book § 378 et seq., the defendants filed a motion for summary judgment on the ground that there is no genuine issue of material fact as to whether the plaintiffs claims in the first and second count are time barred. The defendants attached a memorandum of law in support of their motion as well as an affidavit signed by defendant Ward J. Mazzucco and excerpts from the depositions of the plaintiffs.
The defendants argue that the first count, sounding in negligence or legal malpractice, is barred by General Statutes § CT Page 317852-577 and that the second count is nothing more than a negligence claim clothed in breach of contract language. As a result, the defendants contend that the second count is also barred by General Statutes § 52-577.
The plaintiffs timely filed a memorandum in opposition to the motion for summary judgment as well as a supplemental memorandum in opposition to the motion for summary judgment. In addition, the defendants filed affidavits in support of their opposition to the motion for summary judgment.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts.Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969).
A motion for summary judgment is the appropriate vehicle to determine whether a claim is barred by the statute of limitations.Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98 (1986). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside Green Condominium Association,Inc. v. Woodside Green, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 91368 (9 Conn. L. Rptr. 637, August 24, 1993, Lewis, J.). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Shuster v. Buckley, 5 Conn. App. 473, 477,500 A.2d 240 (1985). CT Page 3179
 I.
First Count of the Plaintiff's Complaint — Malpractice
General Statutes § 52-577 provides that, "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." It is clear that in deciding when a legal malpractice action accrues, the operative date is the date of the act or omission complained of, not the date of any consequence to which that act or omission may have led.Shuster v. Buckley, 5 Conn. App. 473, 477-79, 500 A.2d 240 (1985). It is noted at the outset that "[s]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. Our Supreme Court stated in Fichera v. MineHill Corporation, 207 Conn. 204, 212, 541 A.2d 472 (1988): In construing our general tort statute of limitations, General Statutes § 52-577, which allows for an action to be brought within three years from the date of the act or omission complained of, we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred. . . ." (Citations omitted; internal quotation marks omitted.) S.M.S. Textile Mills, Inc. v. Brown,Jacobsen, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,790-91, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
Unlike the statutes of other jurisdictions "which begin to run only after the cause of action has accrued," the Connecticut statutes of limitations for torts commence with the act or omission complained of, which is when the tortious conduct of the defendant occurs and not the date when the plaintiff first sustains damage or first discovers an injury. McDonald v. Haynes Medical Laboratory,192 Conn. 327, 330, 471 A.2d 646 (1984); Prokolkin v. GeneralMotors Corporation, 170 Conn. 289, 294-302, 365 A.2d 1180 (1976);Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 173,127 A.2d 814 (1956). As a result of this rule, in some instances, the plaintiff may not sustain damage until after the statute of limitations has run. Fichera v. Mine Hill Corporation, supra,207 Conn. 213; Ecker v. West Hartford, 205 Conn. 219, 241,530 A.2d 1056 (1987).
Although the unavoidable result of construing General Statutes § 52-577 may be harsh because "the plaintiff[s] may very well be CT Page 3180 foreclosed from any remedy for what might have been an actionable injury . . . [it] is within the General Assembly's constitutional authority to decide when claims for injury are to be brought."Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984). "The plaintiff[s] [have] not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time." Vessichio v. Hollenbeck, 18 Conn. App. 515, 520,558 A.2d 686 (1989).
In the present case, the alleged negligent act occurred no later than September of 1989. The action was commenced in February of 1994, more than three years after the alleged negligent conduct. Therefore, the first count of the complaint is time barred under the applicable statute of limitations General Statutes § 52-577.[2]
Summary judgment for the defendant is, therefore, granted as to the first count of the complaint.
 II.
Second Count of Plaintiff's Complaint — Breach of Contract
The defendants argue that Shuster v. Buckley, supra, 5 Conn. App. 473, is controlling in the present case and that the second count is essentially one alleging malpractice and is governed by the three year statute of limitations. In Shuster v. Buckley, supra, 5 Conn. App. 476, the court stated that "[w]here the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies . . . Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sound in negligence, even though he alleges that he retained him or engaged his services. . . ." InShuster, however, the complaint was in a single count clearly sounding in legal malpractice and nothing more. In the present case, the complaint sets forth two separate causes of action, one sounding in negligence and the other in breach of contract.
The defendants argue that because the language of negligence is used in the second count, in that this count alleges all the allegations of the first count, it is nothing more than a legal malpractice claim. They further argue that the additional language of the seventh paragraph of the second count regarding breach of contract is simply an attempt to avoid the three tort statute of limitations. The court finds, however, that a fair and reasonable construction of the language of the second count indicates that it clearly states a claim for breach of contract. CT Page 3181
Additionally, the defendants argue in accordance with a line of Superior Court decisions regarding the relationship between a medical malpractice claim and a breach of contract claim. "There are a number of rulings by the Superior Court in the area of medical malpractice wherein counts in a complaint which claim breach of contract have been stricken as impermissible attempts to circumvent the three year statute of limitations." Arnold v.Weinstein, Schwartz Pinkus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0533312 (February 13, 1996, Aurigemma, J., 16 Conn. L. Rptr 196).
 There appears to be two lines of Superior Court decisions regarding the relationship between a medical malpractice claim and a breach of contract claim. "To be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good. . . ." (citations omitted.) White v. Bridgeport Radiology Assoc., P.C., supra, 10 Conn. L. Rptr. No. 7 at 223. "The action in contract is based upon a failure to perform a special agreement." Malone v. Caldwell, 6 Conn. L. Rptr. 323, 324 (1992) (Wagner, J.), quoting Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). See also Lowery v. Metpath, Superior Court, judicial district of Hartford/New Britain at Hartford, DN 518788 (November 9, 1993) (Hennessey, J.).
 However, the other line of cases do not require a special agreement. A breach of contract case is "entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . . The two courses of action are dissimilar as to theory, proof and damages recoverable." Camposano v. Claiborn, supra, 2 Conn. Cir. Ct. 137. "[T]he second count of the complaint [for breach of contract] should not be stricken. Two distinct causes of action may arise from one wrong. Hickey v. Slattery, 103 Conn. 716, 719 (1926)." Paggioli v. Manchester Memorial Hospital, 1 Conn. L. Rptr. 729, 729 (1990) (Allen, S.J.). See also Johnson v. Kaiser Foundation Health Plan, Superior Court, JD of New Haven at New Haven, DN 031241-S (May 18, 1994) (Gray, J.).
Arnold v. Weinstein, Schwartz Pinkus, supra, quoting Picarazzi v.Fichera, Superior Court, judicial district of Fairfield-Bridgeport at Bridgeport, Docket No. 306212 (Dec. 12, 1994, Maiocco, J., 13 CT Page 3182 Conn. L. Rptr. 96).
The plaintiffs argue that the line of cases requiring a special agreement are not controlling and instead rely on Mac's CarCity, Inc. v. DeNigris, 18 Conn. App. 525, 530, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989), wherein the Appellate Court ruled that the longer contract statute of limitations would apply to an action against an attorney as long as the plaintiff took heed to assure that his complaint is "couched in the language of contract." Mac's Car City v. DeNigris, supra, 18 Conn. App. 559. The Appellate Court distinguished the decision in Shuster, supra, by explaining that the complaint in Shuster was "couched in the language of tort rather than contract."
In Westport Bank and Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 605 A.2d 862 (1992), the plaintiff alleged both negligence and breach of contract against its attorneys for failure of the attorneys to discover a problem with title to a piece of property. The Court indicated that it understood "the first count of the amended complaint alleged that `[a]s a result of the foregoing breach of Attorney Mallen's and CMA's contractual duties to [the] Plaintiff, directly . . . the Plaintiff has sustained monetary damages,' and the third count of the amended complaint alleged that `[t]he defendants breached their duty of care to the plaintiff by their negligent and careless' conduct regarding the UBTC mortgage. These allegations . . . clearly alleged, in count one, a breach of direct attorney-client contract and in count three, the tort of legal malpractice by an attorney with respect to his client." Westport Bank and Trust Co. v. Corcoran, Mallin Aresco, supra, 221 Conn. 494, n. 5.
"The inference in that case and the other cases cited above, is the necessary conclusion that there is an implicit promise in an attorney-client contract that the attorney will perform his services in ascertaining and advising on the state of title in a competent and professional manner and a breach of that promise supports a valid breach of contract claim, even though the negligent performance of professional service may also give rise to a tort action. A breach of that promise constitutes a contract claim governed by Connecticut's six-year statute of limitations."Heritage Square Associates v. Blum, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 117855 (July 21, 1992, Nigro, J., 7 CSCR 992).
It is up to the trier of fact to decide whether or not there CT Page 3183 was a contract between the plaintiffs and defendants and the nature of that contract. The plaintiffs have presented affidavits attesting to the existence of a contract. The defendants have denied the existence of a contract and the only evidence offered to refute that claim is the uncertified deposition transcripts of the plaintiffs. "Uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380. The deposition testimony provided by all parties is not considered by the court in evaluating this motion for summary judgment." Oberdick v.Allendale Mutual Insurance Co., Superior Court, judicial district of New Haven, Nos. 283004 and 28279 (August 25, 1993, Celotto, J.,9 Conn. L. Rptr. 607, 608,).
"[E]ven if the copies of deposition transcripts were certified, these excerpts of deposition testimony would not be sufficient to support or oppose the motion. . . . A response to a question propounded in a deposition is not a judicial admission. . . . Depositions are ordinarily used for impeachment [purposes]; . . . and are admitted into evidence only so far as admissible under the rules of evidence in certain limited circumstances. . . . [T]he allowable scope of inquiry at a discovery deposition clearly exceed the boundaries of admissible evidence. . . . See Practice Book § 247(b) (all questions, including those objected to, must be answered at a deposition." (Citations omitted; internal quotation marks omitted.) Oberdick v. Allendale Mutual Insurance Co., supra, 9 Conn. L Rptr. 608. For these reasons, the court does not accept the proffer of the deposition transcripts in support of the motion for summary judgment. Even if the court considered the deposition testimony, it merely conflicts with the affidavits of the plaintiffs thereby leaving a genuine issue of material fact.
Although the complaint may be inartfully drafted, it nevertheless sets forth a claim for breach of contract. As a result, the tort statute of limitations is not applicable. Whether or not a contract existed, and the nature of the contract between the parties clearly presents questions of fact. Therefore, the motion for summary judgment as to the second count is denied.
For the foregoing reasons, the motion for summary judgment as to the first count is granted and the motion for summary judgment as to the second count is denied.
PICKETT, J. CT Page 3184