[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, Raymond Balletti, commenced the present action against the defendants, Peter Alter and Sharon Purtill, by writ, summons and complaint dated September 1, 1994. The plaintiff filed a revised complaint on June 19, 1995. The revised complaint sets forth two counts against the defendants and alleges claims for vexatious litigation under the common law and pursuant to General Statutes § 52-568.
The defendants are attorneys and former partners of the law firm of Alter Purtill. According to the revised complaint, the defendants, while partners in the firm, commenced an action on February 26, 1988 against the plaintiff on behalf of their client, Margaret Pappas. The action was terminated in the plaintiff's favor on September 17, 1991, when it was voluntarily CT Page 11163 withdrawn without consideration. The plaintiff alleges in his revised complaint that the action was brought against him by the defendants without probable cause in that the defendants lacked a reasonable, good faith belief in the facts asserted and in the validity of the claims made.
Both defendants filed answers and special defenses, asserting that the plaintiff's claims are barred by the applicable statute of limitations. They now move for summary judgment on their special defenses on the ground that the plaintiff's claims are precluded by the limitations period set forth in General Statutes § 52-577. The defendants filed memoranda of law with supporting affidavits in support of their motions for summary judgment and the plaintiff has filed memoranda of law in opposition, along with supporting documents.
 I.
"Practice Book [§ 17-49 (formerly § 384)] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way."Miller v. United Technologies Corp. , 233 Conn. 732, 751,660 A.2d 810 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . ." (Internal quotation marks omitted.) Id. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, supra,238 Conn. 806.
The defendants move for summary judgment on the ground that the plaintiff's claims are barred by the statute of limitations CT Page 11164 set forth in General Statutes § 52-577. Specifically, the defendant Alter attests in his affidavit that he left the law firm of Alter Purtill on October 1, 1988, and the defendant Purtill attests in her affidavit that she withdrew her appearance as counsel in that case on March 20, 1990. Thus, the defendants argue, any act or omission complained of occurred, if at all, prior to October 1, 1988, in the case of defendant Alter, and March 20, 1990, in the case of defendant Purtill. Because the present action was brought in September, 1994, over four years later, it is barred as a matter of law.
The plaintiff argues in opposition that the present case is not barred by the statute of limitations. The plaintiff argues that a cause of action for vexatious litigation does not accrue until there has been a termination of the proceedings in the plaintiff's favor and that the withdrawal on September 17, 1991 constitutes a termination of suit in the plaintiff's favor. The plaintiff argues further that it is irrelevant that the defendants did not continue to be involved in the case because they were partners in the firm at the time the case was commenced, and as partners in the firm, the defendants are jointly and severally liable for the obligations of the partnership. Thus, according to the plaintiff, the relevant dates for the purposes of the statute of limitations are the date the lawsuit against the plaintiff was voluntarily withdrawn, September 17, 1991, and the date the present action was filed, September 1, 1994.
"A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." Vandersluis v.Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). In Connecticut, there is a common law action for vexatious suit and a statutory action provided in General Statutes § 52-568.[1] Under the statute, a plaintiff must also prove lack of probable cause and a termination of suit in the plaintiff's favor. See Heirs v. Cohen,31 Conn. Sup. 305, 312, 329 A.2d 609 (1973). "[A] claim for vexatious litigation will not lie until the vexatious suit has terminated in favor of the defendant. . . These principles apply whether the action is brought pursuant to statute or pursuant to the common law." (Citations omitted; internal quotations marks omitted.) Rutenberg v. Rosenblit, Superior CT Page 11165 Court, judicial district of Hartford-New Britain at Hartford, Docket No. 353700 11 CONN. L. RPTR. 161 (March 14, 1994) (Hennessey, J.). Thus, a cause of action for vexatious litigation does not accrue until the prior action has terminated in the defendant's favor. Id.
General Statutes § 52-577, however, provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Actions for vexatious litigation are subject to § 52-577, the tort statute of limitations.
"`Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs.' S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 790,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). When conducting an analysis under § 52-577, `the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed.' Shuster v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985). The three year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. Fichera v. Mine Hill Corporation,207 Conn. 204, 212-13, 541 A.2d 472 (1988)." Collum v. Chapin,40 Conn. App. 449, 451-52, 671 A.2d 1329 (1996). Therefore, "[s]ection 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues." (Internal quotation marks omitted.) Sanborn v. Greenwald,39 Conn. App. 289, 301-02, 664 A.2d 803, cert. denied, 235 Conn. 925,666 A.2d 1186 (1995). "In construing our general tort statute of limitations, General Statutes § 52-577, which allows an action to be brought within three years `from the date of the act or omission complained of,' we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred." Ficherav. Mine Hill Corporation, supra, 207 Conn. 212.
The plaintiff's argument that the relevant date for the purpose of the statute of limitations is the date the prior action terminated in the plaintiff's favor, or the date upon which his vexatious litigation action accrued, is therefore not CT Page 11166 persuasive. Section 52-577 does not concern the date a cause of action accrues and in fact, it may work to preclude an action even before it accrues. The application of General Statutes §52-577 may be harsh because "the plaintiff may very well be foreclosed from any remedy for what might have been an actionable injury. But it is within the General Assembly's constitutional authority to decide when claims for injury are to be brought."Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984). "The plaintiff has not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time." Vessichio v. Hollenbeck, 18 Conn. App. 515, 520,558 A.2d 686 (1989). See also Ecker v. West Hartford, 205 Conn. 219, 241,530 A.2d 1056 (1987) (holding that although actions may be barred before they even exist. "[i]t is not the function of the court to alter a legislative policy merely because it produces unfair results").
The relevant dates the court must examine in the present case are the date of the wrongful conduct complained of and the date the present action was filed. In his complaint, the plaintiff alleges that the defendants instituted and maintained the prior action without probable cause. The last possible date of the wrongful conduct complained of for each defendant was the date of Alter's and Purtill's last involvement with the case, October 1, 1988 and March 20, 1990, respectively. Because the present action was commenced on September 1, 1994, over four years later, it was commenced beyond the statutory period and is therefore barred.
The plaintiff seeks to avoid this bar by arguing that the defendants engaged in a continuous course of conduct that tolled the limitations period. Specifically, the plaintiff argues that the defendants had a continuing duty to withdraw a lawsuit they allegedly knew was commenced without probable cause.
"`When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed.' Handler v. Remington Arms Co.,144 Conn. 316, 321, 130 A.2d 793 (1957). `[I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the CT Page 11167 act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act.' (Internal quotation marks omitted.)Blanchette v. Barrett, [229 Conn. 256, 275, 640 A.2d 74 (1994).]"Sanborn v. Greenwald, supra, 39 Conn. App. 295.
Nothing in the plaintiff's memoranda or documentary materials submitted in opposition to the motions for summary judgment supports a finding of a special relationship between the plaintiff and the defendants that would give rise to a continuing duty, or of some later wrongful conduct of the defendants related to the prior act. In contrast, the defendants have submitted affidavits attesting to the fact that they ceased to have any involvement in the case more than four years prior to the bringing of the present action. Since the plaintiff has failed to present evidence to support a finding of a continuous course of conduct that would toll the limitations period, the defendants' motion for summary judgment cannot be granted on this basis.
The court finds equally unavailing the plaintiff's argument that the defendants, as partners in the law firm that represented Margaret Pappas in the action against the plaintiff, are jointly and severally liable for the obligations of the partnership. The plaintiff has not brought an action against the law firm and, as previously discussed, this action is precluded by the statute of limitations.
Accordingly, the defendants' motions for summary judgment are granted.
Peck. J.