[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to strike the fourth count of the defendant's counterclaim which alleges vexatious litigation. He alleges that one of the requirements of such a count is an allegation that the prior litigation was concluded in favor of the party asserting the claim. In this case, the suit alleged to be vexatious is the instant case which is still pending. The case, therefore, has not terminated in the counterclaiming defendant's favor.
Accordingly, the motion to strike should be granted on this basis.
However, the defendant claims that if the count is stricken, his action for vexatious litigation may be barred by the statute of limitations.
1. When does the statute of limitations begin to run on aclaim for vexatious litigation?
Although a cause of action for vexatious litigation [accrues
upon the termination of the prior suit in plaintiff's favor, the statute of limitations, see § 52-577, begins to run at the moment the act or omission complained of occurs. Thus, in a vexatious litigation claim, the statute of limitations begins to CT Page 7026 run on the date in which the prior action was instituted or maintained.
The plaintiff's argument that the relevant date for the purpose of the statute of limitations is the date the prior action terminated in the plaintiff's favor, or the date upon which his vexatious litigation action accrued, is therefore not persuasive. Section 5 2-577 does not concern the date a cause of action accrues and in fact, it may work to preclude an action even before it accrues. The application of General Statutes § 52- 577 may be harsh because "the plaintiff may very well be foreclosed from any remedy for what might have been an actionable injury. But it is within the General Assembly's constitutional authority to decide when claims for injury are to be brought." [Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257
(1984). "The plaintiff has not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time." [Vessichio v. Hollenbeck, 18 Conn. App. 515, 520,558 A.2d 686 (1989). See also, [Ecker v. West Hartford, 205 Conn. 219, 241,530 A.2d 1056 (1 987) (holding that although actions may be barred before they even exist. "[i]t is not the function of the court to alter a legislative policy merely because it produces unfair results."
2. May a vexatious litigation counterclaim ever be maintainedin the suit that is alleged to be vexatious?
"In suits for vexatious litigation, the plaintiffs must allege that the prior litigation terminated in their favor." [Blake v. Levy, 191 Conn. 257, 263 (1983). "This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the court." As a result, "a claim for vexatious litigation will not lie until the vexatious suit has terminated in favor of the defendant." [Paint Products Co. v. Minuwax Co., 448 F. Sup. 656
(D. Conn. 1978). Consequently, "it is impossible to use vexatious litigation as a counterclaim in the very suit a defendant claims is vexatious. Id.
The motion to strike the fourth count of the defendant's counterclaim dated February 8, 1999 is hereby granted.
D. Michael Hurley, Judge Trial Referee