HENRY PERZANOWSKI *v.* CITY OF NEW BRITAIN

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 10—decision released April 14, 1981

*Dwight O. Schweitzer,* for the appellant (plaintiff).

*Francis H. Morrison III,* for the appellee (defendant).

WRIGHT, J. On January 9, 1973, the plaintiff brought an action in federal court under 42 U.S.C. § 1983[1] alleging that the city of New Britain (city), through its agents, servants and employees,

---

[1] 42 U.S.C. § 1983 provides:

"CIVIL ACTION FOR DEPRIVATION OF RIGHTS

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

abridged his civil rights on July 14, 1972, when it demolished certain real property owned by him. The defendants in that action, entitled *Perzanowski* v. *Salvio,* included the city, members of its board of survey and its building inspector. On January 4, 1974, nearly one year after the action was commenced, the claims were dismissed as against the city because it was not a person[2] amenable to suit under 42 U.S.C. § 1983. *Perzanowski* v. *Salvio,* 369 F. Sup. 223, 228–29 (D. Conn. 1974). The claims against the remaining individual defendants were resolved after a jury trial by a verdict in the defendants' favor.

The plaintiff then filed the present suit against the city in state court on January 9, 1978, seeking money damages on the basis of the city's conduct in demolishing his building in 1972. The trial court granted the city's motion for summary judgment, holding that the action was barred by the statute of limitations, § 52-577 of the General Statutes.[3] On appeal the plaintiff challenges the court's conclusions that the statute was not tolled during the pendency of the federal action and that General Statutes § 52-593[4] does not afford him any relief from the statute of limitations.

[2] This rule was later abandoned in *Monell* v. *New York City Department of Social Services,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). This development in federal law does not aid the plaintiff in his present state tort action.

[3] "[General Statutes] Sec. 52-577. ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[4] "[General Statutes] Sec. 52-593. SUIT AGAINST WRONG DEFENDANT; ALLOWANCE OF NEW ACTION. When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, such plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in such new action is made within one year

Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it. *Hickey* v. *Slattery,* 103 Conn. 716, 719–20, 131 A. 558 (1926), overruled on other grounds in *Tuohey* v. *Martinjak,* 119 Conn. 500, 507, 117 A. 721 (1935), and *Hitchcock* v. *Union & New Haven Trust Co.,* 134 Conn. 246, 259–60, 56 A.2d 655 (1947). Thus, the pendency of the civil rights action in federal court did not operate to suspend the running of the time limit set out in § 52-577. The plaintiff attempts to avoid this conclusion by arguing that any state action which was filed while the federal action was pending "would have been stayed." We need not speculate whether a state action filed after the federal action "would have been stayed." So long as the pendency of the prior action does not prevent enforcement of the remedy sought in the later action, the pendency of the first action will not toll the statute of limitations for the second action. See *Nix* v. *Spector Freight System, Inc.,* 62 N.J. Super. 213, 223, 162 A.2d 590 (1960).

Even if we were to agree that the plaintiff could not simultaneously sue the city in both the state and federal courts, he still allowed nearly four years to elapse after the city obtained a dismissal in federal court before he commenced the present action. We conclude that during this period no bar whatsoever existed to prevent the plaintiff from

after the termination of the original action; and, if service of process in such original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation and service in the original action has been made upon an officer or agent of such corporation, notice of any claim for damage shall be sufficient if given in such original action, pursuant to statutory provisions, to any officer or agent of the defendant in such new action."

bringing the present action. Thus, even if the federal action tolled the state statute of limitations, the three year limitation ran before the present action was commenced.

In the alternative the plaintiff maintains that the present suit is saved by General Statutes § 52-593 which relates to suits against the wrong defendant. The short answer to this claim is that the plaintiff has not demonstrated that he "failed to obtain judgment by reason of [his] failure to name the right person as defendant." General Statutes § 52-593. The record plainly shows that he failed to obtain judgment in federal court (1) because the city could not be liable for the civil rights violations alleged and (2) because the jury rendered a general verdict in favor of the remaining defendants who were sued in their individual capacity. Neither result arises from a mistake in naming a defendant.

Finally, the plaintiff asks that an exception to the statute of limitations be allowed in this case. Our discussion of the two previous claims demonstrates that § 52-577 applies to bar the present lawsuit. We discern no basis for reaching any other result.

There is no error.

In this opinion the other judges concurred.