ANTHONY VESSICHIO ET AL. *v.* CARL C. HOLLENBECK
ET AL.
(6522)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 15, 1988—decision released May 30, 1989

*Barry J. Sinoway,* for the appellants (named plaintiff et al.).

*Jason Dodge,* for the intervening plaintiff Guida-Seibert Dairy.

*Michael P. Del Sole,* for the appellees (defendants).

DUPONT, C. J. The plaintiffs[1] appeal from the trial court's judgment granting the defendants' motion for summary judgment. Specifically, the plaintiffs claim that the trial court erred (1) in concluding that General Statutes §§ 52-592 and 52-593 were inapplicable, thereby depriving the plaintiffs of their constitutional right to redress, and (2) in granting the defendants' motion for summary judgment when the defendants failed to demonstrate the nonexistence of genuine issues of material fact.

The undisputed facts are as follows. In September, 1982, the plaintiffs brought an action against the town of Cheshire to collect money damages for injuries allegedly sustained on September 8, 1980, on the premises of a school owned and operated by the defendant town. The plaintiffs brought this action against the town of Cheshire alone, alleging negligence in the first count and that a nuisance was created and maintained by the town in the second count.

On May 23, 1984, the defendant town filed a motion to strike both counts of the complaint for the reasons that the first count was inappropriate due to the town's governmental immunity and that the second count failed to state a cause of action. The court granted the motion pursuant to Practice Book § 155 on June 13, 1984. On December 7, 1984, the court rendered a judgment of dismissal for failure to prosecute with due diligence pursuant to § 251 of the Practice Book. The plaintiffs did not appeal from that judgment.

On January 10, 1985, the plaintiffs filed a motion to open the judgment of dismissal. The trial court denied the motion on January 25, 1985. On February 5, 1985, the plaintiffs filed a motion to reargue, which was

---

[1] The plaintiffs are husband and wife. The wife's claim is a derivative one for loss of consortium.

denied by the court on February 25, 1985. The plaintiffs did not appeal from the denials of these motions.

On June 13, 1985, the plaintiffs filed a second lawsuit. That action was brought against the named defendant, Carl Hollenbeck, and the town of Cheshire to collect money damages for the injuries the plaintiff allegedly sustained on September 8, 1980. The lawsuit was in three counts. The first count alleged that the defendant Hollenbeck, a custodian at the school, was negligent. The second count, against the town of Cheshire, sought indemnification from the town for any judgment against the defendant Hollenbeck pursuant to General Statutes § 7-465,[2] and the third count was brought against the town for the creation and maintenance of a nuisance.

On November 25, 1985, the defendants filed a motion to strike all three counts. On July 14, 1986, the court denied the motion as to the first two counts and granted it as to the third count. The plaintiffs filed a substitute complaint on July 28, 1986, that included only the first two counts of the original complaint. On October 21, 1987, the court, *J. Flanagan, J.,* granted the defendants' motion for summary judgment.

The plaintiffs' first claim is that the trial court erred in concluding that General Statutes §§ 52-592 and 52-593 were inapplicable to save the plaintiffs' action against the defendants. The plaintiff's alleged injury occurred on September 8, 1980. The plaintiffs first filed suit against the named defendant Hollenbeck on June 13, 1985, alleging that Hollenbeck's negligence caused the

---

[2] General Statutes § 7-465 provides in pertinent part: "(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person . . . ."

injury. General Statutes § 52-584 provides in pertinent part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." Neither the plaintiffs nor the defendants contend that the suit against the named defendant Hollenbeck was not time barred by § 52-584. Rather, the plaintiffs claim that the action against Hollenbeck is saved by the provisions of General Statutes § 52-592 which provides in pertinent part: "If any action *commenced within the time limited by law* has failed one or more times to be tried on its merits because of . . . any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ." (Emphasis added.) Section 52-584 makes it evident that the action against the named defendant Carl Hollenbeck was not brought "within the time limited by law." Because the plaintiffs must satisfy all of the criteria in § 52-592 in order to prevail; *Isaac* v. *Mount Sinai Hospital,* 210 Conn. 721, 728–29, 557 A.2d 116 (1989); the trial court did not err in concluding, as a matter of law, that the plaintiffs' action against the named defendant Hollenbeck was not saved by § 52-592. Moreover, as the defendant town's liability is, as asserted in the plaintiffs' substitute complaint, premised solely upon the indemnification provisions of § 7-465, the court did not err in concluding that the plaintiffs' claim against the town also must fail.

The plaintiffs' next claim is that the trial court erred in concluding that General Statutes § 52-593 was inapplicable to save the plaintiffs' action against the defend-

ants. General Statutes § 52-593 provides in pertinent part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right party as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto . . . ." Our Supreme Court has clearly indicated that the prior "judgment" upon which a § 52-593 action is founded must have been for failure to name the right defendant. *Perzanowski* v. *New Britain*, 183 Conn. 504, 507, 440 A.2d 763 (1981). In the present case, the prior action was dismissed for failure to prosecute with due diligence; Practice Book § 251;[3] and not for failure to name the right party. Accordingly, the trial court did not err in concluding that § 52-593 was inapplicable to the plaintiffs' action.

The plaintiffs' next claim is that the trial court's rendering of summary judgment for the defendants premised on the inapplicability of General Statutes §§ 52-592 and 52-593 violates the plaintiffs' right to redress guaranteed by article first, § 10, of the Connecticut constitution.[4] We disagree. The plaintiff has not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time. It is within the legislature's authority to determine how quickly actions for claims of injury must be brought. *Burns* v. *Hartford Hospital*, 192 Conn. 451, 460, 472 A.2d 1257 (1984).

The plaintiffs' last claim is that the trial court erred in granting the defendants' motion for summary judg-

---

[3] Practice Book § 251 provides in pertinent part: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs."

[4] The Connecticut constitution article first, § 10 provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

ment when the defendants offered insufficient proof to support their motion. See Practice Book § 380. This claim is without merit. The plaintiffs did not attack the defendants' sufficiency of proof in their memorandum of law opposing the motion for summary judgment and, on appeal, do not allege a single material fact that they claim is in dispute. The trial court was correct in rendering summary judgment for the defendants because no genuine issue of material fact existed and the defendants were entitled to judgment as a matter of law. *Telesco* v. *Telesco,* 187 Conn. 715, 718, 447 A.2d 752 (1982).

There is no error.

In this opinion the other judges concurred.