[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (No. 127)
On the above matters, the defendants have moved for summary judgment on the grounds that the action is barred by the statute of limitations and does not come within the purview of Section 52-593 of the General Statutes. The pertinent statute of limitations, Section 52-584, is cited in the defendant's First Special Defense.
The complaint which was served on the individual defendants on March 1, 1988, alleges that the plaintiff suffered injuries at the Flanders Elementary School on June 15, 1985. Since the action was commenced more than two years after the alleged incident, it would be barred unless saved by the provisions of Section 52-593. That section allows a new suit when the plaintiff has failed to obtain judgment by reason of failure to name the right person as defendant therein.
The plaintiff had earlier brought three suits against the Town of East Lyme. The first two were withdrawn (D.N. 502992 and D.N. 503444). In the third suit, judgment for the defendant was entered following granting of a motion to strike. The motion to strike alleged that the plaintiff failed to state a cause of action upon which relief may be granted, being barred by governmental immunity.
In this matter, the plaintiff concedes the instant suit was brought more than two years after the alleged incident, but argues that the action is saved by the aforesaid statute. The Court disagrees.
Summary judgment may be granted if the pleadings are closed and it is demonstrated that there is no issue as to any material facts and the moving party is entitled to judgment as a matter of law. Practice Book Section 384.
Recovery has been allowed under the statute, but only where the plaintiff has failed to name the right party as a defendant therein. Whipple v. Fardig, 109 Conn. 460. "At that trial it developed for the first time who was the real owner of the car . . . It is quite apparent that in the first action, the plaintiff by mistake named the wrong defendant," at p. 465. See also Egan v. H.L. Green Co., 9 Conn. Sup. 306, where the court allowed substitution of a corporate defendant for an individual defendant named by mistake, citing CT Page 815 World Fire Marine Ins. Co. v. Alliance Sandblasting Co.,105 Conn. 640.
"Our Supreme Court has clearly indicated that the prior judgment must have been for failure to name the right defendant." Vessichio v. Hollenbeck, 18 Conn. App. 515, 520, citing Perzanowski v. New Britain, 183 Conn. 504, 507. "In the present case, the prior action was dismissed for failure to prosecute with due diligence . . . and not for failure to name the right party."
Likewise, in this case, the judgment was based upon failure to state a claim upon which relief may be granted. Accordingly, the statute is not applicable. Perzanowski, supra; Vessicchio, supra.
The motion is granted, and judgment may enter for the defendants.
BURNS, J.