[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The complaint in this action alleges that the plaintiff was injured when she fell in a parking area adjacent to a supermarket in a shopping center on March 28, 1985 and that the defendant managed, maintained and controlled the parking area. The plaintiff claims injuries from a defect in the parking area, that the defendant was negligent in allowing the defect to exist, and in failing to correct, warn of and inspect the defect and make the parking area reasonably safe for business invitees. A prior civil action was brought by the plaintiff against Mott's Supermarkets, Inc. [Mott] and Arthur Antinozzi, Sr., Leonard Antinozzi and Peter Antinozzi [hereafter collectively called "Antinozzi defendants"] in April 1987. On August 14, 1989 summary judgment was entered in that action in favor of the Antinozzi defendants leaving Mott as the remaining defendant. The defendant in this case, Samuel Heyman, was not included as a defendant in that action, [although he was later impleaded in a third party action by the Antinozzi defendants in August 1988.] A motion for summary judgment was granted in the prior action on the ground that the Antinozzi defendants owed no duty to the plaintiff to maintain the parking area because they were not in possession or control of it when the plaintiff was injured on March 28, 1985. The Antinozzi defendants had leased the shopping center property to Heyman for a term of 99 years on May 17, 1972.
After the Antinozzi defendants obtained summary judgment in the prior action, Heyman was served with the complaint in this action on August 31, 1989. Heyman has filed a special defense alleging that the plaintiff's claims are barred by the two year statute of limitations for negligence, section52-584 of the General Statutes. Heyman has also moved for summary judgment on the ground that this action is barred as CT Page 4881 a matter of law by section 52-584. The plaintiff counters that this action is allowed by section 52-593 of the General Statutes and has also moved for summary judgment, alleging that the statute of limitations is not a valid defense under the facts of this case.
A summary judgment can be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11; Connolly v. Housing Authority, 213 Conn. 354, 364. With a summary judgment the court only determines if questions of material fact exist, but it does not resolve those issues. Nolan v. Borkowski,206 Conn. 495, 500. Summary judgment should not be granted unless a party is entitled to a directed verdict on the same facts. Connolly v. Housing Authority, supra, 364. Summary judgment may be granted when it is clear that a claim is barred by the statute of limitations. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255; Barnes v. Schlein,192 Conn. 732, 738. It is undisputed here that the plaintiff commenced this action more than four years after she was injured in the parking lot on March 28, 1985. The plaintiff claims, however, that this action is not barred by the two year statute of limitations in section 52-584 because section52-593 allows a new action where a plaintiff has sued the wrong defendant. Section 52-593 of the General Statutes provides:
 "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations may not be a bar thereto if service of process in the new action is made within one year after the termination of the original action."
The defendant's position is that section 52-593 does not apply because the plaintiffs did not make a mistake in who they intended to sue and that the granting of summary judgment in favor of the Antinozzi defendants was a resolution of a disputed factual issue on the merits against the plaintiff.
Since section 52-593 was passed in 1915 there have not been many cases construing it. In Perzanowski v. New Britain, 183 Conn. 504, 507, it was held that section 52-593
did not apply where the plaintiff had not demonstrated that he failed to obtain judgment by reason of his failure to CT Page 4882 name the right person as defendant. There the record contained the reasons why failure to obtain judgment in a federal court action did not arise from a mistake in naming a defendant, one of which was that a municipality could not be legally liable for the civil rights violations claimed in the federal case. In Vessichio v. Hollenbeck, 18 Conn. App. 515,520, the original action was dismissed under section 251 of the Connecticut Practice Book for failure to prosecute the action with due diligence. Summary judgment was granted based upon the statute of limitations and it was held that section 52-593 did not apply because dismissal of the prior action was not for failure to name the right party.
The case here is much closer because the plaintiff initially brought suit against the Antinozzi defendants on the theory that as owners of the property where the plaintiff fell they were in control of the premises and therefore responsible for the plaintiff's injuries. The summary judgment in favor of the Antinozzi defendants in the original action was based upon the finding that they did not reserve control or possession over the premises as a result of the 1972 lease and other agreements between them and Heyman. The original action was not lost against the Antinozzi defendants on a procedural ground, but rather on the merits. Despite the fact that they were owners of the subject property they had no liability because they did not maintain possession and control over it as a result of the 99 year lease to Heyman. In Whipple v. Fardig, 109 Conn. 460, the plaintiff initially brought an action against the employer of the defendant in the belief that the defendant was engaged in business for his employer as its agent and employee at the time of a motor vehicle accident. At the time of trial the defendant testified that the automobile operated by him belonged to his wife, but by that time the statute of limitations had run. Since it was not apparent who was the real owner of the car until the time of trial and the plaintiff then promptly started another action against the defendant it was held that a second action could be brought based on section 52-593 since "it is quite apparent that in the first action, the plaintiff by mistake named the wrong defendant." Id., 465. The second action was brought within one year from the conclusion of the former one and the plaintiff was entitled to a trial on the merits.
The defendant claims that section 52-593 is only designed for mistakes in the identity of parties and that it does not cover the situation here. The statute would clearly cover a misdescription of parties which does not affect the identity of the party sought to be described but merely corrects the description of the real party sued, as in CT Page 4883 such cases as World Fire Marine Insurance Co. v. Alliance Sandblasting Co., 105 Conn. 640, 643 and Ducey v. Walsh Construction Co., 6 Conn. App. 256, 259. There has been a different result when an amendment to a complaint substitutes a new party as opposed to correcting a misdescribed party, and the test employed considers: (1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way. Pack v. Burns, 212 Conn. 381, 384-85; Kaye v. Manchester, 20 Conn. App. 439,444-45. Section 52-593 goes further than the misdescription type of defect but how far it goes is unclear. The reported decisions on the statute do not specify whether the "failure to name the right person as defendant" requires proof that the plaintiff made a mistake initially in naming the original defendant, thinking that it had the right defendant for the negligence claim, whether the statute only applies when the plaintiff has made a mistake, and whether failure to include all possible defendants in the original action who might be liable for the claimed negligence and injury to the plaintiff is covered by the statute. If a mistake is required on the part of the plaintiff, there is a question of fact whether the plaintiff made a mistake in failing to name Heyman as a defendant in the original action. Even if that is not an issue and there is no genuine issue of material fact, the moving party must show that he is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. This case is sufficiently close to Whipple v. Fardig, for the Court to find that there is an issue of law involved here and that the answer to it is not sufficiently clear cut to render summary judgment for the defendant. In both that case and this one there was arguably a mistake of fact as to the identity of the persons sued under the mistaken belief that they owned specific property or occupied a specific position, while in Perzanowski v. New Britain, supra, the mistake was over the legal right to recover from a defendant. Moreover, at least one case has held that section 52-593 is a saving statute and that it should be liberally construed. Morrissey v. Board of Education, 40 Conn. Sup. 266, 268.
On the other hand, it is not clear from the documentary evidence filed on the plaintiff's motion for summary judgment against the special defense that the plaintiff made a mistake of fact in failing to name the right defendant initially. The plaintiff arguably sued a correct defendant and lost because of the weak factual position of her claim, in which event section 52-593 does not clearly save this action and the statute of limitations may be a valid defense. Moreover, the defendant's point is persuasive that the CT Page 4884 statute should not be read to allow a plaintiff who is careless in initially selecting defendants to bring a succession of actions merely because the first or subsequent ones do not nail the right defendant. Interpretation of the statute and applicability of it to the facts of this case will have to occur at a later stage in the proceedings because factual issues are involved under some constructions of the statute. It is unclear that either party is entitled to judgment as a matter of law if the directed verdict test is applied.
The motions for summary judgment of both the plaintiff and the defendant are denied.
Robert A. Fuller, Judge