[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 29, 1994, the plaintiff, Scott Woolford (Woolford), commenced the present action by service of process on the defendant, Mark IV Construction Company, Inc. (Mark IV). On June 5, 1996, Woolford filed a request for leave to amend the complaint, the amended complaint, and certification that a copy of the amended complaint had been mailed to the defendant's attorney of record. Mark IV did not object to the amended complaint, therefore, the amended complaint is the operative complaint.
Woolford alleges that on October 30, 1985, the Connecticut Department of Transportation entered into a contract with Mark W. The contract called for Mark IV to make certain highway and street renovations in New Haven. Woolford alleges that on or before August 20, 1987, Mark IV repaved the intersection of Park Street and South Frontage Road in New Haven. Woolford further alleges that after repaying this area, Mark IV negligently left a manhole protruding nine inches above the surrounding street surface. Woolford further alleges that on or about August 20, 1987, at approximately 9:30 p. m., his car struck the protruding manhole, causing him to suffer personal injuries. Count one alleges negligence and public nuisance. Count two alleges common nuisance and a violation of General Statutes § 19-335. Count three alleges that Mark IV intentionally created the nuisance and therefore it was an absolute nuisance.
Previously, on or about June 1, 1989, Woolford brought an action pursuant to General Statutes § 13a-149, against the city of New Haven seeking damages for the injuries suffered in the accident (the original action)[1]. On April 26, 1994, Judge Hodgson granted New Haven's motion for summary judgment in Woolford's original action against New Haven. The decision stated that "[t]he motion is unopposed and the submissions indicate that the state, not the city, was in control of the highway. Judgment shall enter in favor of the defendant City of New Haven." (Memorandum of Decision, Docket No. 285563). In the present CT Page 6591 action against Mark IV, Woolford alleges that the original action against New Haven failed because he did not name the correct defendant.[2]
On June 6, 1995, Mark IV filed an amended answer and special defenses. Mark IV's second special defense asserts that Woolford's causes of action are barred by General Statutes §§52-584 and 52-577.
On August 15, 1995, Woolford filed a reply to Mark IV's amended answer and special defenses and he pleaded a general denial in response to Mark IV's second special defense.[3]
On April 1, 1996, Mark IV filed a motion for summary judgment together with a supporting memorandum of law and various attached exhibits. On July 10, 1996, Woolford filed a memorandum in opposition to Mark IV's motion for summary judgment.
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doty v.Mucci, 238 Conn. 800, 805, ___ A.2d ___ (1996); Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Internal citations and quotation marks omitted.) Doty v. Mucci supra, 238 Conn. 805-06; see Practice Book § 381.
Mark IV contends that it is entitled to judgment as a matter of law because Woolford's action is barred by the applicable statutes of limitations, General Statutes §§ 52-584 and52-577, and that Woolford cannot avail itself of General Statutes § 52-593, Connecticut's "wrong defendant" statute.
The present action was commenced on July 29, 1994. Count one alleges negligence and public nuisance on the part of Mark IV for street renovations it conducted on or before August 20, 1987. CT Page 6592 Counts two and three allege common and absolute nuisance. Therefore, unless saved by General Statutes § 52-593, count one would be time-barred under General Statutes § 52-584[4], and counts two and three would be time-barred under General Statutes § 52-577[5].
General Statutes § 52-593 provides in pertinent part, that [w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . .
Mark IV argues that Woolford cannot rely on § 52-593 to save the present action because Woolford's original action failed, not because Woolford failed to name the correct defendant as required by § 52-593, but because Woolford "had not sued the party bound to keep the road in repair." (Defendant's Brief, p. 7). Mark IV further argues that Woolford's inexcusable and unreasonable delay in commencing the present action against Mark IV has irreparably prejudiced Mark IV and therefore, rendered § 52-593 unavailable to Woolford.
Woolford responds that "the defendant improperly construes the decision of the court [in the original action]. . . . The decision stated that the state was in control of the highway. This, however, does not mean that the Mark IV Construction Co. is not the correct party to sue. The defendant's affidavit makes it very clear that it was in control of the highway at the time of Scott Woolford s accident. . . ." (Internal quotation marks omitted.) (Plaintiff's Brief, p. 10). Woolford further responds that the applicability of General Statutes § 52-593 is not predicated on the nonexistence of an unreasonable delay in commencing the subsequent action against the correct party.
It is well established that in order for General Statutes § 52-593 to apply, the plaintiff must demonstrate that he "failed to obtain judgment [in the original action] by reason of [his] failure to name the right person as defendant." Perzanowskiv. New Britain, 183 Conn. 504, 507, 440 A.2d 763 (1981); General Statutes § 52-593. In Vessichio v. Hollenbeck, 18 Conn. App. 515,520, 558 A.2d 686 (1989), the Appellate Court observed that General Statutes § 52-593 is inapplicable where "the prior action was dismissed for failure to prosecute with due CT Page 6593 diligence. . . ." If the plaintiff fails to obtain judgment in the original action for a reason other than the failure to name the right party, General Statutes § 52-593 is unavailable.Perzanowski v. New Britain, supra, 183 Conn. 507 Vessichio v.Hollenbeck, supra, 18 Conn. App. 520.
Therefore, the court must determine whether Woolford, in the original action against the city of New Haven, "failed to obtain judgment by reason of [his] failure to name the right person as defendant therein," so that General Statutes § 52-593 will save his present action against Mark IV; or whether Woolford failed to obtain judgment in the original action for a reason other than his failure to name the right person, so that General Statutes § 52-593 will not save his present action.
Mark IV argues that § 52-593 is inapplicable in the present case because Woolford failed to obtain judgment in the original action because he did not sue the party bound to keep the road in repair, rather than failing to obtain judgment for failure to name the right defendant. This distinction, however, is without merit because, by failing to sue the party bound to keep the road in repair, Woolford failed to name the right defendant.
In Whipple v. Fardig, 109 Conn. 460, 146 A. 847 (1929), the plaintiff, Whipple, was injured when an automobile driven by Fardig collided with the truck that Whipple was driving. Originally, Whipple brought an action against Fardig's employer, the Lotz Asbestos Company, in the belief that Fardig was engaged in the business of Lotz at the time of the accident. During the trial of Whipple's original action against Lotz, Fardig testified that his wife owned the vehicle that he was operating at the time of the accident. The jury in the original action rendered a general verdict in favor of Lotz. Within one year of this verdict, Whipple commenced an action against the Fardigs. The Supreme Court held that § 6172 (the predecessor to General Statutes § 52-593) saved Whipple's subsequent claim against the Fardigs because "[i]t is quite apparent that in the first action, the plaintiff by mistake named the wrong defendant. . . . and the [second action] having been brought within one year from the conclusion of the former case, it was properly before the court, and the plaintiff was entitled to have it heard and determined on the merits." Id. at 465-66.
In Gaddy v. Long Wharf Development Associates, Superior CT Page 6594 Court, judicial district of New Haven, Docket No. 342364 (March 23, 1994, Fracasse, J.), the plaintiff, Gaddy, was injured by a malfunctioning elevator. Gaddy originally brought an action against the Fusco Corporation in the belief that the Fusco Corporation owned the building in which Gaddy was injured. In this original action, the court granted the Fusco Corporation's motion for summary judgment on the ground that Fusco did not own or control the building in which the plaintiff was injured and therefore was not liable for her injuries. Gaddy then brought a subsequent action against Long Wharf Development Associates, Edmund Fusco, Sonecor Real Estate Corporation, and Fusco-Long Wharf Associates. The defendants in the subsequent action moved for summary judgment on the ground that General Statutes §52-584 barred Gaddy's action against them. The court denied the defendants' motion for summary judgment because "[t]he plaintiff brought the first action against the wrong tortfeasor under the mistaken belief that [it] owned the property where she was injured; the original action was terminated because of the plaintiff's failure to name the right party; the present action was commenced within a year of the end of the original action. General Statutes § 52-593 is applicable to the present action; the statute of limitations does not bar the plaintiff's claims." Id.
Whipple v. Fardig, and Gaddy v. Long Wharf DevelopmentAssociates, demonstrate that a plaintiff fails to obtain judgment in the original action by reason of his failure to name the right defendant, and thus satisfies § 52-593 when the plaintiff names a defendant in the original action that has no control over the instrumentality that causes the plaintiff's injury or over the situs of the plaintiff's injury. Similarly, in the present case, Woolford named a defendant in the original action that had no control over the situs of the accident or the instrumentality that caused the accident. Woolford failed to obtain judgment in the original action because he failed to name the right defendant, therefore § 52-593 is applicable.
Mark IV further argues that § 52-593 is inapplicable in the present case because Woolford unreasonably and inexcusably failed to bring an action against Mark IV within the applicable statutes of limitation, and this delay has prejudiced Mark W. The genesis of this argument is the Whipple court's statement that "[t]he plaintiff has not been guilty of laches in pressing his claim." (Emphasis added.) Whipple v. Fardig, supra, 109 Conn. 465. "Laches consists of two elements. First there must have been CT Page 6595 a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." Papcun v. Papcun, 181 Conn. 618, 620,436 A.2d 282 (1980).
In its memorandum in support if its motion, Mark IV relies onTurgeon v. Snap-On Inc., Superior Court, judicial district Hartford-New Britain at Hartford, Docket No. 548488 (November 3, 1995, Sheldon, J.). In Turgeon, the court interpreted Whipple v.Fardig as holding "when a plaintiff's original action terminates unsuccessfully because the wrong defendant was named therein, and the naming of said wrong defendant was the product of a reasonable and honest mistake as to the identity of the truly responsible party, the mistake can be excused, and the plaintiff's new action against the right party can be saved, if it is refiled against the right party within one year of the termination of the prior action. Under any other circumstances, however, Section 52-593 is inapplicable, and a late filed action will be barred by the statute of limitations. . . ." Turgeon v.Snap-On Inc., supra. Further support for this "reasonableness" requirement is found in Chomicz American Legion Meriden Post No.45, Superior Court, judicial district of New Haven at New Haven, Docket No. 375597 (March 26, 1996, Corradino, J.). In Chomicz,
the court stated, "[a]lthough not explicitly saying so I believe the courts have put certain practical limitations on what otherwise might be required by a literal reading of § 52-593. There seems to be a concern with whether the mistake or error which led to the suing of the wrong party was a bona fide or understandable error rather than one based on simple carelessness. There is also some concern as to the amount of prejudice if any that would be visited on the defendant in the second action if such a suit were to be allowed under §52-593." Chomicz v. American Legion Meriden Post #45, supra.
Although these trial courts seem to require that the plaintiff's mistake in naming the original defendant be reasonable for § 52-593 to apply, neither Perzanowski v. NewBritain, supra, 183 Conn. 504, nor Vessichio v. Hollenbeck,
supra, 18 Conn. App. 515, address such a requirement, or address the doctrine of laches, when discussing § 52-593. Furthermore, General Statutes § 52-593, does not expressly set forth a reasonableness requirement. Additionally, a number of superior courts have interpreted § 52-593 liberally. "[Section] 52-593 is intended to avoid the hardships arising from an unbending enforcement of limitation statutes. It . . . is remedial and should be liberally interpreted. In short, [i]t CT Page 6596 should be so construed as to advance the remedy rather than to retard it." (Internal citations and quotation marks omitted.)Morissey v. Board of Education, 40 Conn. Sup. 266, 268,491 A.2d 1126 (1985); see Costello v. City of Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (November 16, 1990, Jones, J.).
Even if this court agrees that the application of §52-593 depends upon a reasonableness requirement, or upon the doctrine of laches, whether a mistake is reasonable and whether the doctrine of laches applies are both questions of fact that should be decided by the trier of fact, and not by the court. "A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by th[e] court, unless the subordinate facts found make such a conclusion inevitable as a matter of law." Papcun v. Papcun, supra,181 Conn. 621. "Whether a plaintiff is guilty of laches is a question of fact for the trier . . . [and] is not the type of issue that can generally be resolved on a motion for summary judgment . . ." (Citation omitted.) Garitta v. David McDermott Chevrolet,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 028535 (April 17, 1991, Fuller, J.). "We have consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances.Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 580,657 A.2d 212 (1995). In the context of § 52-593, the court inKliger v. Heyman, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 029516 (June 17, 1991, Fuller, J.), stated that "[i]f a mistake is required on the part of the plaintiff, there is a question of fact whether the plaintiff made a mistake in failing to name . . . [the right] defendant in the original action." Furthermore, General Statutes § 52-593
"does not require persistent attempts to discover the responsible defendant when reasonable diligence initially discloses the apparent wrongdoer, even where there is some suspicion that another person may be responsible for the injury. A bona fide mistake in finding the right defendant is sufficient to invoke the statute. Perfection and total diligence is not required [by § 52-593], or the purpose of the statute would be seriously undermined." Carmona v. Mazzola, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 282549 (June 1, 1993, Fuller, J.). Thus, even if the court interprets §52-593 as requiring a reasonable mistake in naming the wrong defendant in the original action, resolution of whether a particular mistake is reasonable is an issue of fact to be CT Page 6597 resolved by the trier, and not by the court.
For the foregoing reasons, the defendant's motion for summary judgment is denied.
Howard F. Zoarski Judge Trial Referee