[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 3934
This is an action for damages resulting from a slip and fall in the doorway of a school gym on January 28, 1996.
In a prior action, the plaintiff erroneously named the town of West Hartford as the defendant which successfully moved to strike the complaint because the appropriate defendant was the West Hartford Board of Education. Thereafter the town successfully moved for judgment after the plaintiff did not file a substitute pleading within fifteen days and judgment was entered on August 11, 1998.
Within one year on January 19, 1999 the plaintiff filed this current action pursuant to General Statutes § 52-593 naming the West Hartford Board of Education as the defendant. The Board of Education now moves for summary judgment contending that this action is barred by the statute of limitations which was not tolled under § 52-593 because plaintiff did not fail to obtain judgment in the proper action due to naming the wrong defendant, but rather, the plaintiff failed to obtain judgment due to failure to file a substitute pleading.
General Statutes § 52-593 provides in pertinent part that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as a defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action."
The defendant Board of Education claims that the plaintiffs failure of suit was not due to the naming of the wrong defendant. In that prior action, however, the original defendant Town of West Hartford in its reply to objection to Motion for Judgment dated April 8, 1998, confirmed that the court "struck the entire complaint for the Plaintiff's failure to sue the correct party." (Paragraph 6)
Defendant Board has cited several cases to support its motion. These decisions fail to do so. See Perzanowski v. NewBritain, 183 Conn. 504, 507, 440 A.2d 763 (1981) (finding that plaintiff failed to obtain judgment due to immunity and finding in favor of defendants by jury); Vessichio v. Hollenbeck,
CT Page 393518 Conn. App. 515, 519-20, 558 A.2d 686 (1989) (finding that prior suit was dismissed for failure to prosecute with due diligence in situation where one defendant was same and one defendant was added in second suit).
It seems clear that the prior action failed due to the naming of the wrong defendant within the broad scope of General Statutes § 52-593.
Motion for Summary Judgment denied.
Jerry Wagner Judge Trial Referee