[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT #191
According to the amended complaint, this action arises out of an incident that occurred on May 24, 1995, in which the plaintiff, Judy Cofinante, slipped and fell on a slippery area of the floor while she was patronizing a store owned and controlled by defendant First National Supermarkets, Inc. The plaintiff commenced a one count negligence action against First National on February 7, 1996. On March 25, 1998, First National filed a motion to implead Strong Maintenance Company as a third party defendant, which motion was granted by the court, Mottolese, J., on April 7, 1998. On April 29, 1998, First National filed a third party complaint in which it alleges that, at the time the plaintiff claims she was injured, Strong Maintenance was in charge of cleaning and maintaining the floors at the store where the incident occurred. On May 11, 1998, the plaintiff filed a request for leave to amend her complaint to assert a claim against Strong Maintenance. She attached an amended complaint to her request. In the two count amended complaint, the plaintiff again asserts a cause of action for negligence against First National (first count) and adds a cause of action against Strong Maintenance (second count).[1] On March 16, 1999, Strong Maintenance filed a motion for summary judgment as to the second count on the ground that the claim the plaintiff asserts therein is for negligence and is thus barred by the two year statute of limitations set out in General Statutes § 52-584. CT Page 4230 Both First National and the plaintiff object to the motion on the ground that in the second count, the plaintiff asserts claims against Strong Maintenance for both negligence and breach of contract and, thus, the count is timely because the statute of limitations that applies to it is the six year limitation found in General Statutes § 52-576.[2]
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burnsv. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
A cause of action for negligence is governed by the limitations of General Statutes § 52-584. General Statutes § 52-584 provides, in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." A cause of action for breach of contract is subject to the six year statute of limitations of General Statutes §52-576 (a), which provides, in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." Under Connecticut law, a cause of action for breach of contract "accrues," i.e., "is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." (Internal quotation marks omitted.) Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 156, 464 A.2d 18
(1983).
Because the plaintiff filed the amended complaint more than two years after the date she was injured and suffered actionable harm, if the second count is a cause of action for negligence, it would be barred by CT Page 4231 limitations, but if it contains a cause of action for breach of contract, it would not be so barred. Therefore, the court must examine the second count to determine whether it is a single cause of action for negligence or two causes of action, one for breach of contract and one for negligence.[3] "Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it." Perzanowski v. New Britain, 183 Conn. 504, 506, 440 A.2d 763
(1981).
In the second count, the plaintiff repeats the allegations she made in the first count regarding the circumstances in which she was injured, the nature of her injuries and that First National owned, possessed, maintained and controlled the premises. She also alleges that Strong Maintenance and First National had a contract pursuant to which Strong Maintenance was responsible for cleaning and maintaining the floor on the premises and adds a general allegation that Strong Maintenance "failed to comply with its duties under said contract and breached said contract, of which the Plaintiff was a third party beneficiary." (Amended Complaint, ¶¶ 12, 13.) She alleges that the "occurrence and Plaintiff's injuries and damages were due to the negligence and carelessness of the Defendant . . . in one or more of the following ways: a. In that they breached their maintenance contract. . . ." (Amended Complaint, ¶ 16.) She goes on to enumerate the ways in which she contends Strong Maintenance was negligent or careless. (Amended Complaint, ¶ 16.)
"It is true, of course, that out of a contractual relationship a tort liability, as in negligence, may arise." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 263, 765 A.2d 505 (2001). It is also true, however, that when a defendant's liability to the plaintiff is "based on principles of tort law . . . the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint." Id., 262. "[P]utting a contract tag on a tort claim will not change its essential character. An action in contract is for the breach of a duty arising out of a contract; an action in tort is for breach of duty imposed by law. . . . `[W]hen the claim is one for personal injury, the decision usually has been that the gravamen of the action is the misconduct and the damage, and that it is essentially one of tort, which the plaintiff cannot alter by his pleading.' W. Prosser, Torts (3d Ed. 1964) § 94, pp. 642-43." Id., 263. "The issue typically arises in statute of limitations cases, where the plaintiff has missed the tort statute of limitations and seeks to take advantage of the longer statute of limitations period governing contract cases." Welty v. Criscio, Superior Court, judicial district of New Haven at New Haven, Docket No. 426110 (May 16, 2000, Blue, J.) (27 Conn. L. Rptr. 253, 255). CT Page 4232
In this case, the gravamen of the plaintiff's action is one of negligence. Although the plaintiff alleges that her injuries and damages resulted both from Strong Maintenance's breach of its contract with First National and from its negligence, her specific allegations relate to only to the manner in which she contends Strong Maintenance was negligent.[4]
She does not provide any evidence of the terms of the contract or the manner in which she contends it was breached. In addition, the damages she seeks are not for breach of the contract, but for the physical and emotional injuries she suffered as a result of Strong Maintenance's negligent performance thereof.[5] In cases such as this, where "although the plaintiff has cast this claim in contractual language, in essence he seeks a tort recovery. . . . [t]he law should not permit him to recast what is essentially a tort claim as a contract claim solely to gain the potential advantage of a longer statute of limitations." Gazov. Stamford, supra, 255 Conn. 266. Where "the plaintiff's allegations of both liability and damages sound in tort, and the only practical effect of permitting a contract claim to lie would be to extend the tort statute of limitations, and common sense strongly counsels otherwise, the plaintiff may not be permitted to transform his tort claim into a contract claim merely by alleging that it is such a claim." Id.
Thus, in the second count of the amended complaint, the plaintiff is asserting a cause of action against Strong Maintenance for negligence. This claim is barred by the two year statute of limitations contained in General Statutes § 52-584. Accordingly, the court grants Strong Maintenance's motion for summary judgment.
STODOLINK, J.T.R.