[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #107
I. Facts and Procedural History
The plaintiff, Cadle Company of Connecticut, Inc. (Cadle), brought the present action against the defendant, D. Jeanne Messick, as administratrix of the estate of Charles Marland. The one-count complaint seeks damages, interest, attorney's fees and other relief for the alleged default by Charles Marland on a line of credit issued to him by Connecticut National Bank. CT Page 8414
Cadle filed the complaint on August 14, 2000 along with a copy of the line of credit agreement. On August 25, 2000, Messick answered the complaint and alleged three special defenses. Cadle answered Messick's special defenses on October 12, 2000; Messick filed a certificate of closed pleadings on November 9, 2000.
On March 1, 2001, Messick filed a motion for summary judgment and Cadle filed its opposition to the motion on March 30, 2001. Both parties have filed multiple memoranda with respect to the motion for summary judgment. Messick has also filed with the motion for summary judgment the affidavit of attorney John H. Grass and a letter to Charles Marland from attorney Jeffrey A. Weiss dated December 9, 1992. Cadle submitted with his objection a copy of the Agreement for Purchase and Sale of Notes and Loan Documents and the affidavit of attorney Steven M. Basche.
The complaint alleges the following undisputed facts. Messick is the administratrix of the estate of the deceased Charles Marland. On or about November 2, 1989, Charles Marland executed a custom credit line agreement (note) in favor of Connecticut National Bank (CNB) (now Shawmut Bank). The note provided that Marland could be extended loan advances of up to $150,000. The parties further admit that Marland defaulted on the note and that the claim on his estate was denied by Messick.
Messick is seeking summary judgment on the grounds outlined in her first two special defenses. The first special defense maintains that Cadle's collection on the note is barred by General Statutes §42a-3-309 (a). The second special defense alleges that Cadle's collection action is barred by the statute of limitations set forth in General Statutes § 42a-3-118 (b) or, alternatively, by the statute of limitations set forth in General Statutes § 52-576 (a).
II. First Special Defense
Messick's first special defense alleges the following undisputed facts. The note upon which Cadle is proceeding in the present action was lost or destroyed by CNB. Cadle has at no time had possession of the original instrument.
Messick's argument is grounded in statutory analysis beginning with General Statutes § 42a-3-301. Section 42a-3-301 defines a "`[p]erson entitled to enforce an instrument' as (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 42a-3-309 or42a-3-418 (d)." CT Page 8415
The first two subparts of § 42a-3-301 require possession of an instrument in order to enforce it. With respect to the first subpart, § 42a-1-201 (20) defines holder as used in § 42a-3-301 as "theperson in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identifiedperson is in possession." (Emphasis added.) A person may not be a holder without having possession of the instrument. The express language of the second subpart requires possession of the instrument. Messick argues that the only way that Cadle may enforce the instrument, therefore, is through the third subpart.
A person not in possession of an instrument may enforce the instrument nevertheless, provided he can take advantage of General Statutes §§42a-3-309 or 42a-3-418 (d). Section 42a-3-418 (d) is not applicable to the present case as it applies only to situations where an instrument is paid or accepted by mistake. Michaud v. Community Savings Bank, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 516024 (April 8, 1994, Corradino, J.)
Section 42a-3-309 (a) provides in relevant part that "[a] person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process." (Emphasis added.) As the statutory language makes clear, in order to enforce an instrument pursuant to § 42a-3-309 (a), the person seeking to enforce the instrument must have had possession prior to its loss. Messick argues that because it is undisputed that Cadle never had possession of the note, Cadle may not enforce it.
"[T]he interpretation of pleadings is always a question of law for the court. . . . [T]he burden [is] upon the pleaders to make such averments that the material facts should appear with reasonable certainty; and for that purpose [the pleaders] were allowed to use their own language. Whenever that language fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice between the parties." (Emphasis in original.) United Components, Inc. v. Wdowiak, 239 Conn. 259,264, 684 A.2d 693 (1996).
It seems to the court that Cadle is attempting to enforce the note in CT Page 8416 the present case. This is apparent from the operative complaint. After pleading the terms of and the execution of the note in question, Cadle alleges in ¶ 4 that "[t]he [p]laintiff, the Cadle Company of Connecticut, Inc.[,] is now the holder of the [n]ote." As noted previously, under the UCC holder is defined as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." General Statutes § 42a-1-201 (20). The pleadings suggest that because Cadle possesses the note, it is entitled to enforce it. Based on the pleadings, the court finds that Cadle is trying to enforce the note. Cadle concedes the persuasiveness of Messick's statutory argument. (Cadle's Objection to Defendant's Motion for Summary Judgment., p. 2.) The court also finds the Messick's statutory analysis persuasive and, thus, the court may not grant summary judgement on that ground.
However, "[t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." Parsons v. United Technologies Corp., 243 Conn. 66, 83,700 A.2d 655 (1997). The court, therefore, will address the argument advanced by Cadle.
Cadle argues that it is entitled to enforce the debt as a chose in action. Specifically, Cadle contends that when CNB lost the note "the underlying debt became a non-negotiable, chose in action" and thus not subject to § 42a-3-309. (Cadle's Objection to the Defendant's Motion for Summary Judgment, p. 2.) Cadle argues that "if a note does not meet the requirements for negotiability, it is still an instrument, but it is assignable, rather than negotiable. (Cadle's Objection to the Defendant's Motion for Summary Judgment, p. 3.) Cadle argues that because "the [note] is not a negotiable instrument and was transferred by assignment as opposed to negotiation" it may enforce the debt that was evidenced by the note. (Cadle's Objection to the Defendant's Motion for Summary Judgment, p. 3.)
Messick relies, in part, on the decision of the Connecticut Supreme Court in New England Savings Bank v. Bedford Realty Corp., 238 Conn. 745,680 A.2d 301 (1996). In deciding New England Savings Bank, the Connecticut Supreme Court reviewed, in part, a decision of the trial court granting a motion for strict foreclosure where an assignee of the original mortgagee never possessed the note executed by the mortgagor. The transferee of the original mortgagee attempted to defeat the foreclosure action by arguing that the assignee never possessed the note and was therefore barred by § 42a-3-309 from enforcing it. Id., p. 751. Although the decision of the trial court was ultimately reversed on other grounds; id., p. 758; both the Supreme Court and the trial court CT Page 8417 rejected this argument. Id., pp. 751, 759. The Supreme Court repeated that an action for foreclosure and an action on the note are separate actions. Id., 759. On that basis the Supreme Court concluded that the assignee was entitled to maintain an equitable foreclosure proceeding even though it never possessed the note. Id. p. 760.
Important to Messick's argument is that while New England Savings Bank
permits foreclosure against the collateral to satisfy a debt even where the party seeking foreclosure does not have possession of the note, the implication of the decision is that had the assignee sought a legal action on the note or a deficiency judgment rather than foreclosure, §§ 42a-3-301 and 42a-3-309 might have barred the action. In dicta, the Supreme Court recognized that there are restrictions on the ability to collect on a note where the party does not have possession. Id., p. 760. ("[W]hatever restrictions §§ 42a-3-301 and 42a-3-309 might put upon the enforcement of personal liability based solely upon a lost note, they do not prohibit [a party] from pursuing an action of foreclosure to enforce the terms of the mortgage.")
In Dennis Joslin Co. v. Robinson Broadcasting Corp., 977 F. Sup. 491
(D.D.C. 1997), the plaintiff, an assignee who never possessed the note, sued to recover money owed on the note. The district court concluded that D.C. uniform commercial code § 28:3-309 barred recovery because the plaintiff did not have possession of the note at the time of the note was lost. Id., p. 496.
Cadle argues that it is not trying to enforce the note in the present action, as recovery on the note would necessarily involve analysis of the UCC.[1] Cadle states that "[t]he consequences of assignment, as opposed to negotiation, involve whether the assignee takes the contract subject to defenses. . . . Thus, the provisions of Conn. Gen. Stat. § 42a-3-309
do not come into play because the Note is not a negotiable instrument and was transferred by assignment as opposed to negotiation." (Cadle's Objection to the Defendant's Motion for Summary Judgment, p. 3.)
"Section 42a-1-103 preserves a broad range of common-law actions . . . unless such actions are displaced by the particular provisions of this title." (Internal quotation marks omitted.) Flagg Energy DevelopmentCorp. v. General Motors Corp., 244 Conn. 126, 154, 709 A.2d 1075 (1998); General Statutes § 42a-1-103. The Uniform Commercial Code should be "liberally construed and applied to promote its underlying purposes and policies." (Internal quotation marks omitted.) Fidelity Casualty Co. v.Constitution National Bank, 167 Conn. 478, 485, 356 A.2d 117 (1975); General Statutes § 42a-1-103.
In the present case, although the Uniform Commercial Code preserves the CT Page 8418 common law in areas that it does not displace, negotiable instruments are governed by Article 3 of the UCC. If the court were to be persuaded by Cadle's argument, the provisions of Article 3 would be nullified.
Article 3 specifically addresses the enforcement of a lost note and, therefore, common law enforcement of the debt is displaced. See, e.g.,Hinchliffe v. American Motors Corp., 184 Conn. 607, 616, 440 A.2d 810
(1981) ("[i]n cases involving transactions in goods, common-law warranty actions have been displaced by the provisions of the Uniform Commercial Code"); Morris v. Shawmut Bank, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 114860 (October 20, 1994, McDonald, J.) (12 Conn.L.Rptr. 544) ("[t]he comprehensive scheme of Article Nine indicates that the common law covenant of good faith and fair dealing is displaced by the specific provisions of the UCC"). If the court were to deny summary judgment on the basis of Cadle's argument, it would permit Cadle to successfully evade the requirements 42a-3-309. This cannot be a result intended by the legislature in adopting the UCC and requiring its liberal construction.
III. Second Special Defense
Messick has also moved for summary on the basis of her second special defense alleging that the action was brought after the statute of limitations had run. The second special defense asserts the following undisputed facts. The original payee and holder of the note, CNB, made a demand for payment of all sums due under the note. It is further undisputed that the present action was not commenced within six years of the demand for payment.
Messick argues that the applicable statute of limitations for the present action is six years whether Cadle is trying to enforce the note, pursuant to General Statutes § 42a-3-118,[2] or whether Cadle is attempting to recover on a contract, pursuant to General Statutes §52-576.[3] On this basis Messick claims that she is entitled to summary judgment as a matter of law. It is undisputed that Connecticut National Bank demanded payment on December 9, 1992; (Letter from Jeffrey A. Weiss dated December 9, 1992.); and that the present action was commenced in 2000, almost two years past the six year limitation. Unless the statute of limitations was tolled for 614 days, the present action is barred by the statute of limitations.
Cadle does not dispute that either of these statutes of limitations are applicable, but instead opposes summary judgment on the ground that the applicable statute of limitations was tolled by a pending action. Cadle cites Perzanowski v. New Britain, 183 Conn. 504, 440 A.2d 763 (1981) in support of its argument that the pending actions tolled the applicable CT Page 8419 statute of limitations.
Prior to determining the tolling issue it is necessary to recite the actions that Cadle claims tolled the statute of limitations. Cadle previously sought to foreclose on the mortgage securing the note in question. Connecticut National Bank v. Charles A. Marland supra, Superior Court, Docket No. 249406. Judge Dorsey entered a judgment of foreclosure by sale. Id. Marland appealed that decision. (Objection to the Defendant's Motion for Summary Judgment, Exh. 2.) While on appeal, the court, Arena, J., entered a judgment of foreclosure by sale on a mortgage senior to Cadle's mortgage secured by the same collateral. Essex SavingsBank v. Charles A. Marland Superior Court, judicial district of Middlesex at Middletown, Docket No. 078862 (February 10, 1997, Arena, J.) Cadle was the successful bidder at the foreclosure sale, which had the effect of mooting the defendant's appeal of Judge Dorsey's decision in Docket No. 249406. Essex Savings Bank v. Marland, supra, 55 Conn. App. 674 n. 1. The appeal from Judge Dorsey's decision was subsequently dismissed. (Objection to the Defendant's Motion for Summary Judgment, Exh. 2.) On September 24, 1997, Marland filed a motion for supplemental judgment that was followed on October 10, 1997 by Cadle's motion for supplemental judgment. The court, Arena, J., granted Cadle's motion for supplemental judgment and denied Marland's motion. Essex Savings Bank v. Charles A.Marland Superior Court, judicial district of Middlesex at Middletown, Docket No. 078862 (June 19, 1998, Arena, J.), aff'd, Essex Savings Bankv. Marland, supra, 55 Conn. App. 672.
In Connecticut, if the pendency of a prior action prevents enforcement of the remedy sought in the later action, the pendency of the first action will toll the statute of limitations. Perzanowski v. New Britain,
supra, 183 Conn. 506. See also, 51 Am.Jur.2d Limitation of Actions,
§ 207 (2000).
"It is well established . . . that the [mortgagee] is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." (Internal quotation marks omitted.) New England Savings Bank v. Bedford RealtyCorp., supra, 238 Conn. 759.
Cadle concedes that in Connecticut National Bank v. Charles A.Marland, supra, Superior Court, Docket No. 249406, even though its predecessor in interest Connecticut National Bank did not pursue the note, it "could have sought to amend the complaint, perhaps even as late CT Page 8420 as December 15, 1995. . . ." (Cadle's Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 3.) Cadle could have pursued an action on the note at that time. The pendency of theConnecticut National Bank case, therefore, did not prevent the enforcement of the remedy sought in the present action. Accordingly, the statute of limitations was not tolled by that action.
IV. Conclusion
Because Cadle never possessed the note in question, it cannot recover on the note pursuant to Article 3 of the Uniform Commercial Code. Furthermore, to permit Cadle to recover on the debt as chose in action would be to permit a common law cause of action where the Uniform Commercial Code directly addresses negotiable instruments. Accordingly, the defendant's motion for summary judgment is granted on that basis. Furthermore, the present action was brought well beyond the prescribed limitations period. Alternatively, the motion for summary judgment is granted on that basis.
It is so ordered.
Gilardi, J.