[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION OF DEFENDANT TORIA TRUCK RENTAL FOR SUMMARY JUDGMENT
On February 6, 2002 defendant Toria Truck Leasing Inc. d.b.a. Airways Truck Rental, moved for Summary Judgment because it was not served as a substituted defendant until after the expiration of the two year statute CT Page 6668 of limitations, which expired on August 15, 2001.
Plaintiff originally served Ryder Truck Rental, alleging that it was the lessor of the Truck involved in an accident in which the plaintiff injured his hand, failing to name the defendant as lessor of the truck. On June 8, 2001 plaintiff filed a motion to substitute the defendant for Ryder Truck Rental and after this motion was granted on August 27, 2001 actually served defendant on or after September 19, 2001.
Plaintiff claims that since the present defendant was served within one year after the motion to substitute was granted, General Statutes §52-593 prevents the two year statute of limitations from barring this action against the present defendant.
Sec. 52-593 reads in pertinent part as follows:
 Sec. 52-593. Action against wrong defendant; allowance of new action. When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process within one year after the termination of the original action.
Although this section has received various interpretations in Superior Court decisions, our Appellate Court in Isidro v. State, 62 Conn. App. 545,549 (2001) recently stated:
 "Our Supreme Court has recognized that § 52-593
applies only in circumstances in which the plaintiff's original action failed by reason of naming, in fact, the wrong defendant; that is, in cases in which the naming of the wrong defendant was the product of a reasonable and honest mistake of fact as to the identity of the truly responsible individual. See Perzanowski v. New Britain, 183 Conn. 504, 507, 440 A.2d 763 (1981); see also Vessichio v. Hollenbeck, 18 Conn. App. 515, 520, 558 A.2d 686
(1989). To illustrate, § 52-593 would apply in a situation in which a plaintiff erroneously sues A under the mistaken belief that A negligently operated or owned a vehicle, when in fact B operated or owned the vehicle. In Perzanowski, such a situation did not occur."
This language appropriately fits the facts of the present action since the naming of the wrong defendant appears to be an honest mistake of CT Page 6669 fact. Some Superior Court cases cited by the defendant in support of this motion did not expressly involve § 52-593; others relied on questions of actual or constructive notice to the substituted defendant. The decision in Pirone v. New England Railroad Const Co. jud. dist of Danbury No. 3054 38 1993 Ct. Sup. 2442 (March 10, 1993, Fuller J.) seems to be at variance with Isidro v. State supra.
Since this action was instituted against the defendant within the time limit provided in General Statutes § 52-593, this Motion for Summary Judgment is denied.
Wagner J. TJR