## GEORGE REARDON *v.* DEPARTMENT OF PUBLIC HEALTH AND ADDICTION SERVICES ET AL.
### (14091)

DUPONT, C. J., and O'CONNELL, LAVERY, LANDAU and HENNESSY, Js.

Considered March 8—decision released May 2, 1995

*Henry A. Salton,* assistant attorney general, with whom, on the brief, was *Thomas J. Ring,* assistant attorney general, in support of the motion.

*John Thomas Scully,* in opposition to the motion.

HENNESSY, J. The defendants, the department of public health and addiction services (department) and the state medical examining board (board), have filed a motion to dismiss the appeal of the plaintiff, George

Reardon, for lack of a final judgment. The dispositive issue is whether a final judgment exists when the trial court dismisses an administrative appeal for lack of subject matter jurisdiction under General Statutes § 4-183 (b). We conclude that the plaintiff's appeal is from a final judgment and deny the motion to dismiss.

The following facts are relevant to this appeal. The department presented the board with a four count statement of charges dated February 13, 1993, alleging misconduct on the part of the plaintiff, a physician, in the treatment of four patients. The charges were later amended to include additional counts concerning three other patients. The department's prayer for relief requested that "the Connecticut medical examining board, as authorized in [General Statutes] § 20-13c, revoke or take any other actions as authorized in [General Statutes] § 19a-17 against the medical license of George Reardon as it deems appropriate and consistent with law."

On December 1, 1993, the plaintiff retired from the practice of medicine. His license expired on May 31, 1994. The plaintiff did not apply for renewal of his license. By motion dated June 1, 1994, the plaintiff requested that the board dismiss the charges against him as moot. He argued that the department clearly limited the scope of relief requested to action against his medical license. Because his medical license had expired, the plaintiff argued that the charges were moot. During a hearing held on June 10, 1994, the board denied the plaintiff's motion on the ground that General Statutes § 19a-14a gave the board jurisdiction to consider the charges against the plaintiff despite the expiration of his license.

The plaintiff appealed from the board's denial of his motion to dismiss to the Superior Court pursuant to General Statutes § 4-183 (b), which provides: "A per-

son may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy." The trial court granted the plaintiff's motion for a stay of the administrative proceeding pending resolution of the appeal.[1]

In considering whether it had jurisdiction over the plaintiff's appeal, the trial court determined that postponement of the appeal would not result in an inadequate remedy, as required under § 4-183 (b). The trial court, therefore, concluded that it was without subject matter jurisdiction and dismissed the plaintiff's administrative appeal. The plaintiff then appealed to this court. The board and the department argue that the appeal should be dismissed for lack of a final judgment.[2]

" 'Under the Uniform Administrative Procedure Act [UAPA], General Statutes § 4-166 et seq., further appellate review of superior court rulings on administrative appeals is limited to cases in which the Superior Court has rendered a final judgment. General Statutes § 4-184. That statutory provision accords with the general proposition that, except in special cases, such as appeals upon reservations; *State* v. *Sanabria,*

[1] The trial court granted the stay of the administrative proceeding on the conditions that (1) the stay take effect after the witness who was then testifying before the board completed testimony and (2) the plaintiff would not attempt to practice medicine in Connecticut or any other state.

[2] The defendants argue that the order from which the plaintiff appealed is not a final judgment within the meaning of General Statutes § 4-183 (j). That subsection provides in pertinent part that "[f]or purposes of [§ 4-183 (j)] a remand is a final judgment." The final judgment provision in subsection (j) applies to trial court orders that remand a proceeding to the administrative agency that originally considered the case. Because this appeal does not involve a remand order, we conclude that the motion before us should not be analyzed under the provisions of § 4-183 (j).

192 Conn. 671, 681–85, 474 A.2d 760 (1984); or upon certification pursuant to General Statutes § 52-265a; *Laurel Park, Inc.* v. *Pac*, 194 Conn. 677, 678–79 n.1, 485 A.2d 1272 (1984); the jurisdiction of this court is restricted to appeals from judgments that are final. General Statutes § 52-263; Practice Book § 4000 (formerly § 3000); *Melia* v. *Hartford Fire Ins. Co.*, 202 Conn. 252, 255, 520 A.2d 605 (1987); *Doublewal Corporation* v. *Toffolon*, 195 Conn. 384, 388–89, 488 A.2d 444 (1985).' *Schieffelin & Co.* v. *Department of Liquor Control*, 202 Conn. 405, 408–409, 521 A.2d 566 (1987)." *Lieberman* v. *State Board of Labor Relations*, 216 Conn. 253, 271–72, 579 A.2d 505 (1990).

Pursuant to General Statutes § 4-184, "[a]n aggrieved party may obtain a review of any final judgment of the superior court . . . ."[3] An order of the trial court dismissing an administrative appeal for lack of subject matter jurisdiction under UAPA has been considered a final judgment for purposes of appeal; see *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 620 A.2d 780 (1993); even if the administrative proceeding itself has not yet been finally resolved. See *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 577 A.2d 1017 (1990).

Although these cases involve dismissal by the trial court under General Statutes § 4-183 (a), we see no reason why a dismissal under § 4-183 (b) requires a different result. This conclusion is consistent with the rule regarding appealable interlocutory orders articulated in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). Under *Curcio*, where an order or action so concludes the rights of the parties that further proceedings cannot affect them, the order is immediately appealable. Id.,

---

[3] General Statutes § 4-184 provides: "An aggrieved party may obtain a review of any final judgment of the superior court under this chapter. The appeal shall be taken in accordance with section 51-197b."

31. Section 4-183 (b) provided the plaintiff the right to a preliminary appeal from the board's denial of his motion to dismiss the charges against him. In dismissing the appeal for lack of subject matter jurisdiction, the trial court finally concluded the plaintiff's right to appeal under § 4-183 (b). If not considered by this court now, any right the plaintiff has to an intermediate appeal will be lost. For these reasons we conclude that the plaintiff has appealed from a final judgment.

The defendants' motion to dismiss the appeal is denied.

In this opinion the other judges concurred.