## JOHN DOE *v.* DEPARTMENT OF PUBLIC HEALTH ET AL.
### (AC 17520)

O'Connell, C. J., and Foti and Spear, Js.

Argued December 2, 1998—officially released April 6, 1999

*Louis B. Blumenfeld*, with whom, on the brief, were *Rodd J. Mantell* and *Lorinda S. Coon*, for the appellant (plaintiff).

*Paul J. Lahey* and *Hugh Barber*, assistant attorneys general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*,

assistant attorney general, for the appellees (defendants).

*Opinion*

SPEAR, J. The plaintiff[1] appeals from the judgment of the trial court that dismissed his administrative appeal as premature. In that appeal, the plaintiff claimed that the defendant Connecticut medical examining board (board) improperly refused to dismiss a statement of charges brought against the plaintiff by the defendant department of public health (department).

The first question before us is whether this court has jurisdiction to review this appeal. If we determine that we have jurisdiction, we must then decide whether the trial court properly determined that the plaintiff did not satisfy the requirements of General Statutes § 4-183 (b), which authorizes appeals from the interlocutory rulings of administrative agencies. Section 4-183 (b) provides that "[a] person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy." The defendants concede that subdivision (1) is satisfied here.

The plaintiff claims that the requirements for such an appeal were met here because the agency remedy is inadequate in two respects. First, the department's failure to complete its investigation in a timely manner, as required by General Statutes § 20-13e (a),[2] deprived

---

[1] The trial court granted the plaintiff's ex parte motion to prosecute this matter under a fictitious name.

[2] General Statutes § 20-13e (a) provides: "The department shall investigate each petition filed pursuant to section 20-13d, in accordance with the provisions of subdivision (10) of subsection (a) of section 19a-14 to determine if probable cause exists to issue a statement of charges and to institute proceedings against the physician under subsection (e). Such investigation

the board of jurisdiction and, therefore, the proceedings before the board constitute a continuing violation of the plaintiff's constitutional right to due process. Second, the agency record will be available to the public prior to a final decision by the board, thereby depriving the plaintiff of the confidentiality that is necessary to protect his professional reputation.

The defendants assert that this court lacks jurisdiction because the trial court's dismissal of the plaintiff's administrative appeal is not a final judgment. In the event that we disagree with their jurisdictional claim, the defendants posit two reasons why the trial court's dismissal should be affirmed. They first assert that a claim that an agency action violates a person's constitutional rights must await the final agency decision, unless the agency remedy is demonstrably futile. Here, the plaintiff has shown neither a colorable claim of a violation of his constitutional rights nor that the agency remedy is demonstrably futile. They further assert that the agency proceeding provides an adequate remedy to the plaintiff because any damage to the plaintiff's reputation is simply an indirect result of the proceeding itself. We first conclude that this court has jurisdiction

shall be concluded not later than eighteen months from the date the petition is filed with the department and, unless otherwise specified by this subsection, the record of such investigation shall be deemed a public record, in accordance with section 1-210, at the conclusion of such eighteen-month period. Any such investigation shall be confidential and no person shall disclose his knowledge of such investigation to a third party unless the physician requests that such investigation and disclosure be open. If the department determines that probable cause exists to issue a statement of charges, the entire record of such proceeding shall be public unless the department determines that the physician is an appropriate candidate for participation in a rehabilitation program in accordance with subsection (b) and the physician agrees to participate in such program in accordance with terms agreed upon by the department and the physician. If at any time subsequent to the filing of a petition and during the eighteen-month period, the department makes a finding of no probable cause, the petition and the entire record of such investigation shall remain confidential unless the physician requests that such petition and record be open."

to review this appeal. We further conclude that the plaintiff has an adequate administrative remedy and, therefore, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of this appeal. The plaintiff is a physician licensed by the department. On or about July 16, 1993, a petition was filed with the department pursuant to General Statutes § 20-13e (a),[3] alleging certain misconduct in the plaintiff's care and treatment of a patient between September 7, 1989, and November 5, 1990. The department did not complete its investigation of the petition until April 15, 1996. On that day, the department filed charges against the plaintiff that alleged that the plaintiff had engaged in illegal, incompetent or negligent conduct in the practice of medicine in violation of General Statutes § 20-13c (4),[4] and requested that the board take appropriate action, including the revocation of the plaintiff's medical and surgical license.

Thereafter, the plaintiff filed a motion to dismiss the charges. He alleged that in concluding its investigation thirty-three months after the petition was filed, the department failed to comply with the eighteen month time limitation of § 20-13e (a), thereby depriving the board of jurisdiction over the matter. The board denied the motion to dismiss the charges because it concluded that the eighteen month time limit set out in § 20-13 (e) was not jurisdictional in nature and that the department's failure to comply with it did not, therefore, prevent the board from hearing the matter. The plaintiff appealed to the Superior Court, pursuant to § 4-183 (b),[5]

---

[3] See footnote 2.

[4] General Statutes § 20-13c provides in relevant part: "The board is authorized to restrict, suspend or revoke the license or limit the right to practice of a physician or take any other action in accordance with section 19a-17, for any of the following reasons . . . (4) illegal, incompetent or negligent conduct in the practice of medicine . . . ."

[5] General Statutes § 4-183 (b) provides: "A person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior

from the board's denial of his motion to dismiss. The department then filed a motion to dismiss the plaintiff's administrative appeal, in which it claimed that the plaintiff's failure to exhaust all available administrative remedies deprived the Superior Court of subject matter jurisdiction. The trial court granted the motion because it determined that the plaintiff had an adequate remedy in the administrative proceeding. This appeal followed.

Because the defendants challenge the subject matter jurisdiction of this court, we must first address that claim. "Whenever a claim of lack of jurisdiction is brought to the court's attention, it must be resolved before the court can proceed. *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988); *Vincenzo* v. *Warden*, 26 Conn. App. 132, 135, 599 A.2d 31 (1991)." *Gallant* v. *Cavallaro*, 50 Conn. App. 132, 134, 717 A.2d 283, cert. denied, 247 Conn. 936, 722 A.2d 1216 (1998), cert. denied, 528 U.S. 1005, 120 S. Ct. 500, 145 L. Ed. 2d 386 (1999).

The plaintiff's appeal arises from a decision of an administrative agency and is governed, therefore, by the requirements of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. Under the UAPA, "further appellate review of superior court rulings on administrative appeals is limited to cases in which the Superior Court has rendered a final judgment. General Statutes § 4-184. That statutory provision accords with the general proposition that, except in special cases, such as appeals upon reservations; *State* v. *Sanabria*, 192 Conn. 671, 681–85, 474 A.2d 760 (1984); or upon certification pursuant to General Statutes § 52-265a; *Laurel Park, Inc.* v. *Pac*, 194 Conn. 677, 678–79 n.1, 485 A.2d 1272 (1984); the jurisdiction of this court is restricted to appeals from judgments that are final."

Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal form the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy."

(Internal quotation marks omitted.) *Reardon* v. *Dept. of Public Health & Addiction Services*, 37 Conn. App. 694, 696–97, 657 A.2d 702 (1995).

In *Reardon*, this court determined that "[a]n order of the trial court dismissing an administrative appeal for lack of subject matter jurisdiction under UAPA has been considered a final judgment for purposes of appeal; see *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 620 A.2d 780 (1993); even if the administrative proceeding itself has not yet been finally resolved. See *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 577 A.2d 1017 (1990)." *Reardon* v. *Dept. of Public Health & Addiction Services*, supra, 37 Conn. App. 697. While in *Reardon*, this court recognized that both *Lewis* and *Cannata* involved dismissal by the trial court pursuant to § 4-183 (a) for failure to exhaust administrative remedies, the court nevertheless saw no reason why a failure to satisfy the requirements of § 4-183 (b) would require a different result. Id. The *Reardon* court stated: "This conclusion is consistent with the rule regarding appealable interlocutory orders articulated in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). Under *Curcio*, where an order or action so concludes the rights of the parties that further proceedings cannot affect them, the order is immediately appealable. Id., 31." *Reardon* v. *Dept. of Public Health & Addiction Services*, supra, 697–98.

Here, as in *Reardon*, the trial court dismissed the plaintiff's appeal for lack of subject matter jurisdiction, thereby concluding the plaintiff's right to appeal under § 4-183 (b). We agree with the rationale of the *Reardon* court that any right the plaintiff has to an interlocutory appeal will be lost if it is not now determined. We, therefore, reject the defendants' request that we overrule *Reardon* and conclude that the plaintiff has properly appealed from a final judgment.

We now address whether the trial court properly dismissed the plaintiff's interlocutory appeal.[6] We agree with the trial court that the plaintiff has an adequate remedy in his administrative hearing before the board with Superior Court review available pursuant to § 4-183 (j).[7] Thus, an appeal pursuant to § 4-183 (b) is not warranted.

Section 4-183 (b)[8] reflects the principle that exhaustion of administrative remedies is required except in exceptional circumstances. See, e.g., *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 558, 630 A.2d 1304 (1993); *Housing Authority* v. *Papandrea*, 222 Conn. 414, 420, 610 A.2d 637 (1992). Our Supreme Court has "recognized such exceptions only infrequently and only for narrowly defined purposes." (Internal quotation marks omitted.) *Polymer Resources, Ltd.* v. *Keeney*, supra, 561, quoting *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 353, 542 A.2d 672 (1988).

The defendants do not dispute that the plaintiff satisfies the first prong of § 4-183 (b). The plaintiff asserts that he also satisfies the second prong of § 4-183 (b) in

[6] Because our determination of this appeal involves the interpretation of a statute and is, therefore, a question of law, this court must review the trial court's ruling de novo. *Murchison* v. *Civil Service Commission*, 234 Conn. 35, 43, 660 A.2d 850 (1995); *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995).

[7] General Statutes § 4-183 (j) provides in relevant part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. . . ."

[8] See footnote 5.

that "postponing the present appeal provides an inadequate remedy because the agency's decision adversely impacts upon an entrenched property right, [his] medical license, without proper statutory authority, thereby depriving [him] of due process." We disagree.

In *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 113, 710 A.2d 176 (1998), a recent case decided by this court with facts similar to this case, we stated: "Two recognized exceptions to the exhaustion doctrine are in circumstances in which recourse to the administrative remedy would be inadequate or demonstrably futile. . . . Exhaustion is not required simply because the plaintiff has brought an interlocutory appeal under § 4-183 (b) challenging the jurisdiction of the department to hear and decide his licensure." In *Johnson*, where a nursing home administrator brought an interlocutory appeal from an agency's denial of his motion to dismiss the department's administrative action that brought charges against him, we stated that the plaintiff in that case failed to satisfy the second prong of § 4-183 (b) because "nothing has happened to the plaintiff's license issued to him by the department. He is still licensed to operate a nursing home facility and is operating the facility involved. The department has decided nothing except to bring charges against him, against which he will have the right to defend fully prior to any decision by that agency on his licensure. While it is true that exhaustion may be excused where recourse to the administrative remedy would be futile or inadequate, the plaintiff has not demonstrated that resort to agency action will be futile. The mere allegation that it will prove so is not cognizable." Id.

We discern no reason why the analysis in *Johnson* should not be applied to this case. Here, the plaintiff physician has not been denied any right to practice his profession. Because no formal hearings on the pending charges have yet been held and no determination has

been made concerning his medical license, the plaintiff's claim is meritless. See id., 116.

The plaintiff specifically claims that "the defendants' continued investigation and prosecution is causing irreparable harm to his constitutional property right in his medical license" and that "his license and professional reputation cannot be sullied by the defendants (state actors) until due process requirements have been satisfied." The gravamen of the plaintiff's claim is that he fears that in continuing in the administrative forum, the department's records will remain open to public inspection until all of his administrative remedies are exhausted, and he will effectively be denied a "large part of the relief sought, specifically, confidentiality," which will damage his professional reputation.

Our Supreme Court has previously recognized, however, that damage of this type is an indirect result of an agency proceeding and is not the sort of irreparable harm that would justify immediate resort to the courts. In *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 373, the court stated that the plaintiff in that case "complain[ed] in great measure about injuries that are the indirect result of the initiation of the action itself. The reaction of former and prospective patients, insurance carriers, other physicians and the general public, although unfortunate since only charges have been made, is not of the defendants' doing . . . ." Here, the plaintiff cannot demonstrate any damage or injury, but points to possible future injury to his professional reputation. Like the plaintiff physician in *Pet*, the plaintiff in this case seeks "a finding that he has committed no wrongdoing and is capable to practice medicine. This remedy is precisely what the board is empowered to provide. [The Supreme Court] has permitted interruption of administrative remedies in circumstances where the agency is *incapable* of providing an adequate remedy. See, e.g., *Dukes* v. *Durante*, 192 Conn. 207, 223–24, 471 A.2d 1368 (1984); *Cahill* v. *Board of Education*, 187

Conn. 94, 444 A.2d 907 (1982)." (Emphasis added.) *Pet* v. *Dept. of Health Services*, supra, 371; cf. *Johnson* v. *Statewide Grievance Committee*, 248 Conn. 87, 106–107, 726 A.2d 1154 (1999). Here, the board is capable of providing an adequate remedy because completing the administrative proceedings could provide the plaintiff with complete vindication. An immediate appeal to the court is therefore unwarranted.

Because the plaintiff fails to satisfy the second prong of § 4-183 (b), the trial court's dismissal of the plaintiff's interlocutory appeal was proper.

The judgment is affirmed.

In this opinion the other judges concurred.