[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT OLSTEN SERVICES, INC.'S MOTION TO DISMISS
In this case, the plaintiff, Commission on Human Rights and Opportunities ("CHRO"), seeks to appeal from a decision of the human rights referee reopening a default judgment entered against the defendant, Olsten Services, Inc. ("Olsten"). CT Page 14762
The underlying complaint to the CHRO arose out of an employment discrimination complaint by Kim Brown. In a complaint filed August 4, 1998 with the CHRO, Brown complained that the defendant, Lacey Manufacturing Company ("Lacey"), had discriminated against her in her employment based on her race, color, sex and age. Brown had been assigned to work at Lacey by Olsten, a temporary staffing service, as a temporary assignment employee. She had been in such assignment for thirty-six weeks until Olsten terminated her at Lacey's request.
On or about September 9, 1998, Brown amended her complaint to the CHRO to add Olsten as an additional respondent. Olsten mistakenly failed to respond to Brown's amended complaint and the Acting Executive Director of the CHRO, Jewel E. Brown, entered an order of default against Olsten on December 29, 1998, ordering Brown's case to proceed to a hearing in damages. Olsten subsequently retained counsel, filed an answer and special defenses to Brown's amended complaint and filed a motion to open the default. At a hearing on February 19. 1999. Lisa A. Giliberto, a human rights referee at the CHRO, set aside the default order and remanded Brown's complaint to the investigative unit of the CHRO for further administrative proceedings. Brown's complaint as to the defendant Lacey was already being investigated by the CHRO.
The CITRO filed this appeal seeking judicial review of referee Giliberto's decision to set aside the default and to remand Brown's complaint against Olsten for investigation.
The appeal is brought pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq.. The plaintiff's appeal is an interlocutory administrative appeal and is only permissible in accordance with the provisions of § 4-183
(b) which provides: "A person may appeal at preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy."
Section 4-183 (b) is an exception to the requirement of exhaustion of administrative remedies before resort to the Superior Court. Polymer Resources, Ltd. v. Keeney, 227 Conn. 545,561 (1993). Subsection (b) of § 4-183 is a limited statutory CT Page 14763 right to appeal in strict compliance with the provisions as required in order to obtain the court's jurisdiction. In order to maintain the appeal, the plaintiff must demonstrate that it would be harmed by the disputed preliminary rulings even if it was ultimately to prevail in an appeal of the final decision. HousingAuthority v. Papandrea, 222 Conn. 414, 420 (1992). Our Supreme Court has "recognized such exceptions only infrequently and only for narrowly defined purposes. . . ." (Citations omitted; internal quotation marks omitted.) Pet v. Department of HealthServices, 207 Conn. 346, 353 (1988).
In Johnson v. Dept. of Public Health, 48 Conn. App. 102, 113
(1998), the Appellate Court noted: "Two recognized exceptions to the exhaustion doctrine are in circumstances in which recourse to the administrative remedy would be inadequate or demonstrably futile. . . . Exhaustion is not required simply because the plaintiff has brought an interlocutory appeal under § 4-183 (b) challenging the jurisdiction of the department. . . ." (Citations omitted.) Johnson v. Dept. of Public Health, supra, 102. In Doev. Department of Public Health, 52 Conn. App. 513, 521, cert. denied, 249 Conn. 908 (1999), the Appellate Court recognized that if the agency is capable of providing an adequate remedy because completing the administrative proceeding could provide the plaintiff with complete vindication, an immediate appeal to the court is unwarranted.
In the instant case, the CHRO procedures may vindicate Brown's complaint on the merits. This would put her and the agency in the same position that they would be in at the time the default against Olsten was reopened. It is especially the case in this scenario where a co-respondent (Lacey), involving essentially the same facts, is subject to an ongoing investigation. The CHRO has failed to meet the second criteria of § 4-183 (b), thus this is an inappropriate interlocutory appeal.
The plaintiff has failed to exhaust its administrative remedies. The appeal is ordered dismissed.
Robert F. McWeeny, J.