[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on the apportionment defendants' motions to dismiss the apportionment complaint and the plaintiff's counterclaim[1] against them on the ground of lack of subject matter jurisdiction for the apportionment plaintiff's failure to file to timely file the apportionment complaint per General Statutes § 52-102b and the plaintiff's failure to file his counterclaim within the time limitations set forth in General Statutes §§ 52-102b and 52-584.
The plaintiff Lawrence LeClair commenced the original action against the defendant BankBoston, N.A. (BankBoston) by filing a writ and summons with a return date of August 24, 1999. In the complaint, the plaintiff alleges that he sustained personal injuries on or about December 23, CT Page 1575 1997, when he slipped and fell on property located at 235 Queen Street, Southington. The plaintiff alleges his injuries are due to the negligence of BankBoston, which operates a banking business at that location. BankBoston filed an apportionment complaint against Richard S. Carlson (Carlson) and GrimeBusters, Building Cleaners, Inc. (GrimeBusters) with a return date of January 25, 2000. In that apportionment complaint, BankBoston alleges that Carlson is the owner of the property located at 235 Queens Street and the plaintiff's injuries were caused by the negligence of Carlson and GrimeBusters. BankBoston subsequently filed a second apportionment complaint with a return date of March 7, 2000, against the present apportionment defendants Herbert R. Olson, Norman E. Olson, Muriel S. Olson and Queen Street 84 Associates doing business as Southington 84 Associates. BankBoston claims that these apportionment defendants own the property located at 235 Queens Street and the plaintiff's injuries were caused by their negligence. On March 8, 2000, the plaintiff filed a counterclaim against the apportionment defendants named in the second apportionment complaint.
On May 30, 2000, the apportionment defendants filed motions to dismiss BankBoston's apportionment complaint (# 129) and the plaintiff's counterclaim (# 128). BankBoston and the plaintiff each filed objections. The court heard oral argument on July 10, 2000 regarding these two motions and now issues this memorandum of decision.
 DISCUSSION
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983); see also Flanagan v. Commission on HumanRights, 54 Conn. App. 89, 91, 733 A.2d 881, cert. denied, 250 Conn. 925,738 A.2d 656 (1999). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a)(1). "Whenever a claim of lack of jurisdiction is brought to the court's attention, it must be resolved before the court can proceed." (Internal quotation marks omitted.) Doe v. Dept. of PublicHealth, 52 Conn. App. 513, 517, 727 A.2d 260, cert. denied, 249 Conn. 908,733 A.2d 225 (1999).
"Where a decision as to whether the court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Stewart-Brownstein v.Casey, 53 Conn. App. 84, 88, 728 A.2d 1130 (1999). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and CT Page 1576 in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) Figueroa v. C and S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). The court "cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power." (Internal quotation marks omitted.) Id.
 I APPORTIONMENT COMPLAINT
The apportionment defendants move to dismiss the apportionment complaint against them on the ground that BankBoston failed to file it within 120 days from the return date of the original complaint, as required by General Statutes § 52-102b. BankBoston does not dispute the fact that the second apportionment complaint was served beyond the provided for limitations period. BankBoston argues, however, that its first apportionment complaint was timely filed per § 52-102b and the second apportionment complaint at issue in these motions was filed pursuant to General Statutes § 52-593 because BankBoston failed to name the right apportionment defendants in its first apportionment complaint.
Looking to the record accompanying the motion to dismiss and BankBoston's objection, it is undisputed that the second apportionment complaint was not filed within the required 120 day period, per General Statutes § 52-102b. At issue then is whether General Statutes §52-593 applies to an apportionment plaintiff in a pre-trial stance, such as to save the second apportionment complaint.
General Statutes § 52-593
BankBoston argues that General Statutes § 52-593 should apply because it, like § 52-592, the accidental failure of suit statute, is remedial and should be interpreted liberally. In response, the apportionment defendants argue that our Supreme Court has construed §52-593 to apply only in circumstances where the original case ended because of failure to name the right defendant and for no other reason. The court agrees with the apportionment defendants.
The express language of § 52-593 provides, in pertinent part, as follows: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process on the new action is made one year after the termination of the original action." CT Page 1577 (Emphasis added.) "Our Supreme Court has clearly indicated that the prior `judgment' upon which a [§] 52-593 action is founded must have been for failure to name the right defendant." Vessichio v. Hollenbeck,18 Conn. App. 515, 520, 558 A.2d 686 (1989). It is well established that BankBoston must demonstrate that it "failed to obtain judgment [in the original action] by reason of [its] failure to name the right person as [apportionment] defendant." Perzanowski v. City of New Britain,183 Conn. 504, 507, 440 A.2d 763 (1981); General Statutes § 52-593. Section 52-593 can "only be resorted to when the original action was terminated." Anderson v. City of New London, Superior Court, judicial district of New London at New London, Docket No. 541273 (February 24, 2000, Corradino, J.); see also Russell v. Thomas O'Connor and Co.,42 Conn. App. 345, 347, 679 A.2d 420 (1996) ("the one year period in which to file a new action under § 52-593 begins when notice is issued that the original action has been terminated").
Here, BankBoston may have failed to name the right apportionment defendants in its second apportionment complaint, but the original case has not ended because of that failure. The original case LeClair v.BankBoston, filed in the Superior Court of New Britain, Docket No. CV99-0497186 has not terminated or failed to come to judgment. Accordingly, § 52-593 is inapplicable to the present apportionment complaint. Therefore, the court grants the apportionment defendants' motion to dismiss the apportionment complaint against them on the ground that it was untimely served and, therefore, failed to comply with the jurisdictional requirements of § 52-102b.
 II PLAINTIFF'S COUNTERCLAIM
The apportionment defendants move to dismiss the plaintiff's counterclaim against them on the ground that the plaintiff's counterclaim fails to comply with General Statutes § 52-102b because BankBoston failed to file its apportionment complaint within 120 days from the return date of the original complaint. The apportionment defendants argue that as a result of the untimely filed apportionment complaint, the plaintiff's claim brought against them is time barred by the statute of limitations set forth in General Statutes § 52-584. In opposition, the plaintiff argues he timely filed his counterclaim within the 60 day time limitation as required in General Statutes 52-102b (d) and incorporates by reference the legal arguments made by BankBoston in its Opposition to the motion to dismiss its apportionment complaint. The plaintiff falls, however, to address the applicability of § 52-584.
As discussed in section I, BankBoston's apportionment complaint was CT Page 1578 untimely filed and General Statutes § 52-593 is inapplicable to save the apportionment complaint. Therefore, although the plaintiff timely filed his counterclaim, per General Statutes § 52-102b(d), the plaintiff's counterclaim also fails because the apportionment complaint on which it is based is untimely filed. The apportionment complaint is the basis by which a plaintiff "[n]otwithstanding any applicable statute of limitation . . . may . . . assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." General Statutes §52-102b(d). At issue then is whether General Statutes § 52-584 can save the plaintiff's claim against the apportionment defendants.
General Statutes § 52-584
The statute of limitations for personal injuries for negligent or reckless misconduct is determined by General Statutes § 52-584. Section 52-584 provides in pertinent part that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." The plaintiff's injuries occurred on or about December 23, 1997, when he slipped and fell on property where BankBoston operates a banking business. The plaintiff filed his counterclaim against the apportionment defendants on March 8, 2000, more than two years after the date of the injury.[2] Accordingly, § 52-584 is in applicable.
Without the benefit of § 52-102b, the plaintiff is otherwise unable to bring suit against the apportionment defendants. The plaintiff's counterclaim fails to comply with the jurisdictional requirements of § 52-102b because BankBoston's apportionment complaint failed to comply with § 52-102b. Accordingly, the apportionment defendants' motion to dismiss the plaintiff's counterclaim is granted.
 CONCLUSION
As discussed herein, the court grants both the apportionment defendants' motion to dismiss BankBoston's apportionment complaint and the motion to dismiss the plaintiff's counterclaim.
BY THE COURT
Hon. Andre M. Kocay, J.